RICK D. ROSKELLEY, ESQ., Bar #3192
rroskelley@littler.com
CORY G. WALKER, ESQ., Bar #12121
cgwalker@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:     702.862.8800
Fax No.:        702.862.8811

KIMBERLY GOST, ESQ. Admitted Pro Hac Vice
kgost@littler.com
MATTHEW HANK, ESQ., Admitted Pro Hac Vice
mhank@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102-1321
Telephone:     267.402.3000
Fax No.:        267.402.3131

STEVE MASIELLO, ESQ., Admitted Pro Hac Vice
smasiello@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202-5556
Telephone:  303.634.4000
Fax No.:      303.634.4400
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARL E. RISINGER, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOC LLC, et al.,<br><br>Defendants. | Case No. 02:12-cv-00063-MMD-PAL<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S JANUARY 8, 2014 MINUTE ORDER (DKT. #64)** |

## I.  INTRODUCTION

Pursuant to the Court's January 8, 2014 Minute Order ("Minute Order"), Defendants SOC LLC, SOC-SMG Inc., and Day & Zimmermann, Inc. (collectively "Defendants") set forth the standard the Court should apply to decide and deny the application of Federal Rule of Civil

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Procedure 23 ("Rule 23") to Plaintiff Karl E. Risinger's Iraqi Labor Law claims. Defendants also respond to the Court's request for examples of cases in which a federal court has declined to follow its own procedural rules when those rules conflict with the law of a foreign country. Given the narrow scope of the Minute Order, Defendants do not raise again each of their prior arguments, but rather incorporate them here by reference. As explained below, the correct standard requires this Court first determine that it has subject matter jurisdiction over the Iraqi Labor Law claims, and second, if it does have jurisdiction, undertake the analysis set forth by Justice Stevens's concurring opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 130 S. Ct. 1431 (2010). Because this Court does not have subject matter jurisdiction, the Court should dismiss the Iraqi Labor Law claims. Moreover, if the Court were to exercise jurisdiction, the Court should decline to apply Rule 23 because Rule 23 improperly enlarges the substantive rights granted by the Iraqi Labor Code.

## II. ARGUMENT

The first step in this Court's analysis is to determine if it has subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (internal quotation and citation omitted)); *Rivera v. R.R. Ret. Bd.*, 262 F.3d 1005, 1008 (9th Cir. 2001). As outlined in Defendants previous submissions, however, application of the Iraqi Labor Code violates the Political Question Doctrine,[1] *see* dkt. no. 32 at 46-47, which eliminates this Court's subject matter jurisdiction. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 982 (9th Cir. 2007) ("We hold that if a case presents a political question, we lack subject matter jurisdiction to decide that question."). Additionally, the Court's earlier Order on Defendants' Motion to Dismiss, dkt. no. 59, issued March 29, 2013 ("Order"), which finds the Status of Forces Agreement ("SOFA") Article 12, Paragraph 2 controlling, deprives the Court of subject matter jurisdiction over the Iraqi Labor Code claims. Thus, as explained further

---

[1] The Court's earlier Order on Defendants' Motion to Dismiss does not address that application of the Iraqi Labor Code to SOC's work governed by a Department of Defense contract is precluded by the Political Question Doctrine.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

in Section II.A below, Mr. Risinger's Iraqi Labor Law claims cannot pass the first step of the analysis that this Court must undertake, and such claims must be dismissed.

The second step the Court should undertake to determine whether or not to apply Rule 23 to the Iraqi Labor Law claims, if the Court were to find it has subject matter jurisdiction, is to employ the standard explained by Justice Stevens's concurring opinion in *Shady Grove*, 559 U.S. at 416-436. As detailed further in Section II.B below, under this analysis Rule 23 is not applied because it improperly enlarges the substantive rights granted under the Iraqi Labor Code. The Court should therefore reject the application of Rule 23 to those claims.

### A. Further Analysis of Article 12 of the SOFA Demonstrates That This Court Does Not Have Subject Matter Jurisdiction Over Mr. Risinger's Iraqi Labor Law Claims.

In this Court's Order, the Court found controlling Article 12 of the SOFA, which contains the jurisdictional statement that, "Iraq shall have the primary right to exercise jurisdiction over United States contractors and United States contractor employees." Order at 22 (quoting SOFA, art. 12, ¶ 2[2]). The Court stated, "[p]recluding the application of Iraqi law to United States contractors in Iraq would directly violate Article 12's acknowledgement of Iraq's sovereign right to enforce its laws." *Id.* at 23.

Article 12, Paragraph 2's "primary jurisdiction" gives Iraq *exclusive* subject matter jurisdiction over United States contractors and their employees in Iraq, unless the United States requests that Iraq give up its primary jurisdiction, and Iraq agrees to do so.[3] *See Wilson v. Girard*, 354 U.S. 524, 529, 77 S. Ct. 1409 (1957) (treating the phrase "primary right to exercise jurisdiction" to mean exclusive jurisdiction, absent an agreement to waive the primary right).[4] Paragraph 6

---

[2] Article 12 is comprised of a preamble paragraph, followed by unnumbered paragraphs one through six, and then concluded with numbered paragraphs seven through ten. The citation to Paragraph 2, for example, means the second unnumbered paragraph, which is actually the third paragraph of the article.

[3] Subject matter jurisdiction cannot be waived. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *See also* R. Chuck Mason, Congressional Research Service, U.S.-Iraq Withdrawal/Status of Forces Agreement: Issues for Congressional Oversight, R40011, 7 (July 13, 2009) ("Iraq maintains *exclusive* jurisdiction over U.S. contractors and their employees, but shares jurisdiction with the United States over U.S. forces, including the civilian component." (emphasis added)); *and see* Jennifer K. Elsea, Congressional Research Service, Private Security Contractors in Iraq and

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

explains that "[t]he authorities of either Party may request the authorities of the other Party to waive its primary right to jurisdiction in a particular case." SOFA, art. 12, ¶ 6. Since Iraq has primary jurisdiction over these issues, *see* Order at 22, this Court cannot exercise its secondary jurisdiction unless and until (1) the United States requests that Iraq relinquish its primary jurisdiction, and (2) Iraq agrees to cede jurisdiction to the United States. *See* SOFA, art. 12, ¶ 6. Neither prerequisite has occurred.

The Supreme Court explains that "[a] sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction." *Girard*, 354 U.S. at 529 (primary jurisdiction means exclusive jurisdiction, absent an agreement to waive the primary right). A status of forces agreement, such as the SOFA here, can provide a host nation's consent to surrender part of its sovereign jurisdiction. *See* R. Chuck Mason, Congressional Research Service, Status of Forces Agreement (SOFA): What Is It, and How Has It Been Utilized?, RL34531, 4-5 (Mar. 15, 2012). The United States-Iraq SOFA provides for shared jurisdiction in which some transgressions are reserved to Iraq for jurisdiction and others are given to the United States for jurisdiction. *See id.* at 5 ("Under the shared jurisdiction framework, each of the respective countries is provided exclusive jurisdiction in specific circumstantces, generally when an offense is only punishable by one of the country's laws. In that case, the country whose law has been offended has exclusive jurisdiction over the offender. When the offense violates the laws of both countries, concurrent jurisdiction is present and additional qualifications are used to determine which country will be allowed to assert jurisdiction over the offender."). Here, even assuming the alleged Iraqi Labor Code claim violations also violated United States law, the SOFA sets forth that Iraq has primary jurisdiction over United States contractors and their employees and over the Iraqi Labor Code claims.

---

Afghanistan: Legal Issues, R40991, 13 (January 7, 2010) ("The [SOFA] does not authorize the United States to arrest or detain contractor personnel without a warrant issued by an Iraqi court.") *and* ("Under art. 12 of the [SOFA], the United States is permitted to request Iraq to waive its primary jurisdiction in a particular case . . . .").

The prerequisite requirement that the United States request that Iraq waive its primary jurisdiction, and receive Iraq's waiver, is compelled because this Court must give meaning to all parts of the SOFA so that no part is inoperative. *See* Order at 21-23 (construing Article 10 so as to give meaning to Article 12 of the SOFA); *see also Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558 (2009) ("one of the most basic interpretive canons [is] that '[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .'" (quoting *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276 (2004))). While Paragraph 6 uses "may," it must be read as requiring the United States to make a jurisdictional waiver request to Iraq in order to exercise jurisdiction concerning alleged violations of Iraqi law by United States contractors and their employees in Iraq. If not read as mandatory, the sentence loses all meaning within the SOFA because the United States or Iraq would be able to ignore entirely the primary jurisdiction provisions found in Paragraphs 1, 2, and 3. Thus, if merely permissive, Iraq could, for example, exercise jurisdiction over a member of the United States Forces for a matter that arose on a United States military base in Iraq while the member was on duty regardless of whether the United States sought to exercise its grant of primary jurisdiction found in Paragraph 3 – an absurd result.

The mandatory requirement that the United States first request, and second receive, Iraq's waiver of its primary jurisdiction is consistent with other status of forces agreements entered into by the United States. *See Brown v. United Kingdom of Great Britain*, 683 F. Supp. 1035, 1040 (E.D. Vir. 1988) (SOFA dictated the exclusive jurisdiction and remedy available); *United States v. Simmons*, 2009 WL 6835721, at *1 (Army Aug. 12, 2009) (Government believed South Korea had primary jurisdiction that precluded the United States from prosecuting soldier until South Korea had fully prosecuted the soldier or waived its primary jurisdiction); *United States v. Stubbs*, 3 M.J. 630, 635 (Navy 1977) ("in any case in which Japan retains primary jurisdiction, the United States may exercise its secondary jurisdiction only" after Japan declines to do so).[5] Because the United States

---

[5] While many cases addressing respective jurisdictions in other status of forces agreements have dealt with criminal violations, this is unsurprising given the United States military's more recent reliance upon civilian contractors.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

has not requested that Iraq waive Iraq's primary jurisdiction, nor has Iraq actually done so, exclusive primary jurisdiction over United States contractor employees resides solely with Iraq for alleged violations of the Iraqi Labor Code. SOFA, art. 12, ¶ 2. Consequently, this Court does not have subject matter jurisdiction over Mr. Risinger's Iraqi Labor Code claims and should dismiss those claims.[6]

### B. If This Court Concludes It Does Not Lack Subject Matter Jurisdiction, This Court Should Decline to Apply Rule 23 to the Iraqi Labor Code Claims.

Mr. Risinger improperly seeks to invoke Rule 23 to expand his rights in this lawsuit against Defendants. Indeed, Plaintiff conveniently ignores the *requirements* under the Iraqi Labor Code that "give shape to the [very] substantive rights and remedies" that he seeks to enforce against Defendants. *See Williams v. Chesapeake Louisiana, Inc.*, No. 10-1906, 2013 WL 951251, at *5 (W.D. La. Mar. 11, 2013). Plaintiff's approach is contrary to law. As both parties have explained, to determine the application of Rule 23 in this instance, the Court must look to *Shady Grove*, 559 U.S. 393. But the broad plurality opinion, on which Plaintiff incorrectly relies, is not controlling on this issue. *See* Plaintiff Karl Risinger's Supplemental Brief on Viability of Claims under Iraqi Labor Code, Apr. 29, 2013, ECF No. 63, at 5 (citing *Shady Grove*, 130 S. Ct. at 1437-1447). Rather, Justice Stevens's concurring opinion governs the Court's analysis. *See* Defendants' Supplemental Briefing Pursuant to Court's Order of March 29, 2013, Apr. 29, 2013, ECF No. 62 ("Defendants' Brief"), at 5-6 (citing *Shady Grove*, 130 S. Ct. at 1448, 1449, 1452).

#### 1. The Court Should Analyze the Question According to Justice Stevens's Narrower Concurring Opinion in *Shady Grove*.

To understand the correct approach for this Court to consider, a brief description of the *Shady Grove* opinions is necessary. Although *Shady Grove* produced a majority decision, the reasoning behind the full decision was only a plurality. *Shady Grove*, 559 U.S. at 395 (only Parts I and II-A

---

Regardless, the SOFA here applies to both criminal and civil violations. *See* R. Chuck Mason, Congressional Research Service, U.S.-Iraq Withdrawal/Status of Forces Agreement: Issues for Congressional Oversight at 7.

[6] Moreover, this Court does not have subject matter jurisdiction because the Political Question Doctrine eliminates jurisdiction here, as established in Defendants' pending Motion to Dismiss. *See* dkt. no. 32 at 46-47.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

commanded a majority vote whereas Parts II-B and II-D received only a plurality vote; Part II-C did not even receive a plurality vote); *see also Williams*, 2013 WL 951251, at *3 (second portion of *Shady Grove* analysis was only plurality). Justice Stevens, who was the crucial fifth vote for Parts I and II-A, filed a separate opinion concurring in part. *Williams*, 2013 WL 951251, at *3.

Both Justice Stevens and the plurality agreed that whether Rule 23 applied in the *Shady Grove* case first turned on "whether the federal rule answers the question in dispute." *Williams*, 2013 WL 951251, at *3. If the federal rule does and leaves no space for a conflicting state rule, then the federal rule controls the issue, *unless* the federal rule "exceeds the limits set by the Rules Enabling Act." *Id.* (citing *Shady Grove*, 130 S. Ct. at 1437 (majority opinion)).

The second step, then, is to determine if the federal rule exceeds the authority of the Rules Enabling Act. *Id.* The Rules Enabling Act gives the Supreme Court the authority to prescribe procedural rules, 28 U.S.C. § 2072(a), but also establishes that any "[s]uch rules shall not abridge, enlarge or modify any substantive right," *id.* at § 2072(b). It is on this point that the plurality and Justice Stevens diverged. The plurality looked to Rule 23 and determined that it only "really regulat[es] procedure" and stopped its analysis there. *Shady Grove*, 559 at 407 (plurality opinion). Justice Stevens, however, recognized that Section 2072(b) of the Rules Enabling Act requires a more nuanced second part to the test. Under Justice Stevens's controlling standard, if "the federal rule cannot be interpreted to not 'displace a state law that is procedural in the ordinary sense of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right,' then the state rule must be applied," and the federal rule is ignored. *Williams*, 2013 WL 951251, at *3 (quoting *Shady Grove*, 130 S. Ct. at 1452 (Stevens, J., concurring)). Thus, the Court must examine not only the federal rule, but also the conflicting rule to determine if applying the federal rule would "abridge, enlarge or modify any substantive right." *See* 28 U.S.C. § 2702(b).

Justice Stevens's opinion is narrower than the plurality opinion because his approach will "require federal preclusion of fewer state laws." *Williams*, 2013 WL 951251, at *4. The fact that Justice Stevens's opinion is the narrower of the two is determinative. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

7.

holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *See Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990 (1977). Thus, Justice Stevens's opinion sets forth the controlling standard for this Court. *Williams*, 2013 WL 951251, at *4 ("The few courts that have found it necessary to decide which opinion in *Shady Grove* provides the controlling standard have concluded that Justice Steven's [sic] opinion, which provided the necessary fifth vote and which concurred on the narrowest ground, controls."); *see also Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 983 n. 6 (10th Cir. 2010).

### 2. The Correct Standard Requires This Court To Conduct a Three-Part Analysis.

In order to determine whether to apply Rule 23, the Court must address three issues. First, the Court must determine whether Rule 23 answers the question before the Court. *See Shady Grove*, 559 U.S. at 399, 417; *Williams*, 2013 WL 951251 at *3. If the scope of Rule 23 is broad enough to control the issue before the Court, leaving no room for the operation of seemingly conflicting state law, then Rule 23 must be applied *unless* it exceeds the limits set by the Rules Enabling Act. *See Shady Grove*, 559 U.S. at 399, 417; *Williams*, 2013 WL 951251 at *3. Next, then, the Court determines whether Rule 23 is ultra vires in this case because, taking into account the conflicting state law, it does "abridge, enlarge or modify any substantive rights." *See Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring); *Williams*, 2013 WL 951251 at *3. Third, if Rule 23 does appear to abridge, enlarge or modify a substantive right, the Court must finally consider whether Rule 23 can reasonably be interpretated to avoid that result. *See Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring); *Williams*, 2013 WL 951251 at *3. If Rule 23 cannot be interpreted to avoid "displac[ing] a state law," even one "'that is procedural in the ordinary sense of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right,' then the state rule must be applied." *Williams*, 2013 WL 951251 at *3 (quoting *Shady Grove*, 130 S. Ct. at 1452 (Stevens, J., concurring)). Applying each of these three considerations here, it becomes clear that the Iraqi Labor Code, and not Rule 23, must apply.

Rule 23 is broad enough to answer the question about whether Mr. Risinger may press his alleged class action in this Court. It does so, however, in conflict with the Iraqi Labor Code because

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

8.

the Iraqi Labor Code does not permit a class action lawsuit and Rule 23 would enlarge the Iraqi rights. *See* Hamoudi Decl., dkt. no. 33, at A138-40 (explaining, for example, the requisite Iraqi Labor Code provisions to resolve a labor dispute, including notification and meeting of the Ministry of Labor and Social Affairs and the General Confederation of Trade Unions to attempt to settle the dispute and the binding nature of any such settlement). The *Williams* case is instructive here. The court in *Williams* faced a similar question as this Court, although there the court addressed whether or not to apply Rule 23 in the face of a conflict with Louisiana state law. *Williams*, 2013 WL 951251, at *2. After determining that Justice Stevens's approach controls, the *Williams* Court examined the Louisiana statute at issue, which required that notice be given before filing a mineral royalty lawsuit and that the notice could not be given on a class-wide basis. *Id.* at 4.

The *Williams* Court similarly found that Rule 23 answered the question of whether a class could be certified, and was so broad that it left no room for the operation of the Louisiana statute at issue, which precluded class actions for mineral royalty lawsuits. *Id.* at 4-5. The *Williams* Court found that the Louisiana statute, however, was not simply procedural because it was so interwoven with the substantive law governing the payment of mineral royalties in Louisiana that it was deemed a substantive rule. *Id.* at *5 ("The Court is convinced that this rule is so interwoven with the substantive law governing the payment of mineral royalties in Louisiana that it is a substantive rule."). The *Williams* Court went on to note that the Louisiana statute affected only the specific portion of Louisiana's substantive rights and remedies for mineral royalties, unlike the New York statute at issue in *Shady Grove*, which impacted class certification of all "claims irrespective of their source." *Id.* at 5.

Here too, the Iraqi Labor Code is substantive because it sets forth in an interwoven fashion the rights, requirements, remedies, and processes by which Iraqi workers can enforce their employment rights. *See* Defendants' Brief at 7-8 ("The Labor Code, by definition, is intended to be a singular and all encompassing articulation of all substantive rights relating to labor issues in Iraq. Thus, the absence of any express provision for a private right to pursue a group action prior to exhausting the administrative process that the Labor Code mandates is substantive or, at a minimum,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

is so intertwined with the Labor Code's rights and remedies that it functions to define the scope of the substantive right of group action in Iraq." (citations omitted)).  Moreover, the Labor Code is applicable only to the employment arena, and is not of general applicability to all civil claims. *See* Hamoudi Decl., dkt. no. 62-1, at 5, 9-10.

Because Rule 23 cannot be reasonably interpreted to avoid abridging, enlarging or modifying the Iraqi Labor Code, Rule 23 does not apply to Mr. Risinger's claims. *See Williams*, 2013 WL 951251, at *3.

> 3.  **Although Inapposite Here Where the Federal Procedural Rule Expands the Substantive Rights Vested by the Iraqi Labor Code, Federal Courts Apply Their Own Procedural Rules If Confronted with a Procedure Versus Procedure Issue.**

As just explained (and explained more fully in SOC's previous brief (*see* Defendants' Brief at 4-8)), the Court is confronted with a situation in which a Federal procedural rule, Rule 23, conflicts with the substantive provisions of the Iraqi Labor Code.  The Court's recent Order, however, also asked "the parties to provide examples of cases in which a federal court has decided to, or declined to, apply its own procedural rules when said rules conflicted with the procedural rules of a foreign country."  Minute Order at 1.

Phrased as the question is – federal procedural rule versus foreign procedural rule – the outcome of a case with this specific scenario is unsurprising. *See Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136 (1965) (courts sitting in diversity "apply state substantive law and federal procedural law").  Thus, in *Randall v. Arabian American Oil Co.*, 778 F.2d 1146 (5th Cir. 1985), the Fifth Circuit declined to apply a Saudi Arabian procedural rule that required a claim brought under the Saudi Arabian labor code be brought in Saudi Arabia because it determined that the rule was a procedural one that it need not apply. *Id.* at 1152. *Randall* is inapposite to the present situation, however.  The Saudi Arabian law was a procedural one that simply governed *where* a labor law claim could be brought. *Id.* at 1148 n. 2.  In contrast here, the Iraqi Labor Code governs *whether* and *how* a claim should be pursued and does not recognize the possibility of a class action lawsuit. *See Williams*, 2013 WL 951251, at *3 (Rule 23 not applied because it enlarged the substantive rights granted by state law).  If the Court were to apply Rule 23 to Mr. Risinger's Iraqi Labor Code claims,

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

10.

the Court would erroneously enlarge the rights available under the Iraqi Labor Code since it does not permit class action lawsuits.

### III. CONCLUSION

For the foregoing reasons, the Court should decline to exercise subject matter jurisdiction over the Iraqi Labor Code claims because the claims violate the Political Question Doctrine, eliminating this Court's subject matter jurisdiction, and because primary jurisdiction resides exclusively with Iraq, pursuant to Article 12 of the SOFA. If this Court were nonetheless to retain jurisdiction and address the application of Rule 23 to those Iraqi labor law claims, the Court should reject the application of Rule 23 to Plaintiff's purported class action suit for his Iraqi Labor Law claims because the standard set forth by Justice Stevens commands that Rule 23 is inapplicable where, as here, it would "abridge, enlarge or modify" the substantive law of the Iraqi Labor Code.

Dated: February 11, 2014

                                                Respectfully submitted,

                                                *s/ Cory G. Walker*
                                                KIMBERLY GOST
                                                MATTHEW HANK
                                                RICK D. ROSKELLEY
                                                CORY G. WALKER
                                                LITTLER MENDELSON, P.C.

                                                STEVE MASIELLO
                                                MCKENNA LONG & ALDRIDGE, LLP

                                                Attorneys for Defendants

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

11.

## PROOF OF SERVICE

I am a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action. My business address is 2425 East Camelback Road, Suite 900, Phoenix, Arizona, 85016.  On February 11, 2014, I served the within document(s):

### DEFENDANTS' SUPPLEMENTAL BRIEF

☒   By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

| | |
|---|---|
| Scott E. Gizer, Nev. State Bar No. 12216<br>sgizer@earlysullivan.com<br>EARLY SULLIVAN WRIGHT<br>GIZER & McRAE LLP<br>3960 Howard Hughes Parkway, Suite 500<br>Las Vegas, Nevada 89169<br>Telephone: (702) 990-3629<br>Facsimile: (702) 990-3501 | Devin A. McRae, CA State Bar No. 223239<br>dmcrae@earlysullivan.com<br>*Pro Hoc Vice Application to be Filed*<br>EARLY SULLIVAN WRIGHT<br>GIZER & McRAE LLP<br>6420 Wilshire Boulevard, 17th Floor<br>Los Angeles, California 90048<br>Telephone: (323)301-4660<br>Facsimile: (323)301-4676 |

Erik C. Alberts, CA State Bar No. 221795
Erik.alberts@ealawflrm.net
*Pro Hoc Vice Application to be Filed*
LAW OFFICES OF ERIK C. ALBERTS
5900 Wilshire Boulevard, 26th Floor
Los Angeles, California 90036
Telephone: (323)301-4660
Facsimile: (323)301-4676

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 11, 2014, at Phoenix, Arizona.

s/ Lisa DeWitt

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

12.