Scott E. Gizer, Nev. State Bar No. 12216
sgizer@earlysullivan.com
EARLY SULLIVAN WRIGHT
   GIZER & McRAE LLP
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3629
Facsimile: (702) 990-3501

Devin A. McRae, *Pro Hac Vice*
dmcrae@earlysullivan.com
EARLY SULLIVAN WRIGHT
   GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Erik C. Alberts, *Pro Hac Vice*
erik.alberts@ealawfirm.net
LAW OFFICES OF ERIK C. ALBERTS
5900 Wilshire Boulevard, 26th Floor
Los Angeles, California 90036
Telephone: (323) 330-0583
Facsimile: (323) 330-0584

Attorneys for Plaintiff KARL E. RISINGER,
on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KARL E. RISINGER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOC LLC, a Delaware limited liability company registered and doing business in Nevada as SOC NEVADA LLC; SOC-SMG, INC., a Nevada corporation; DAY & ZIMMERMAN, INC., a Maryland corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-00063-MMD-PAL<br><br>**PLAINTIFF KARL RISINGER'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S ORDER OF JANUARY 8, 2014 (DKT. 64)**<br><br>Date: February 18, 2014<br>Time: 10:00 a.m.<br>Ctrm.: 5<br><br>[The Honorable Miranda M. Du] |



**PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF**

46995.2

In response to the Court's January 8, 2014 Order (dkt. 64), Karl E. Risinger, on behalf of himself and all others similarly situated ("Risinger"), submits this Supplemental Brief setting forth and applying the standard the Court should follow in deciding whether Federal Rule of Civil Procedure ("Rule") 23 should apply to his claims arising under the Iraqi Labor Code.

## I. UNDER CONTROLLING NINTH CIRCUIT PRECEDENT, THE STANDARD IS WHETHER THE PROVISIONS OF THE IRAQI LABOR CODE THAT CONFLICT WITH RULE 23 ARE SUBSTANTIVE OR PROCEDURAL

Less than three weeks ago, Chief Judge Barry Ted Moskowitz of the Southern District of California addressed the very issue on which the Court has ordered supplemental briefing. *See In re Hydroxycut Mktg. & Sales Practices Litig.* ("*Hydroxycut*"), --- F.R.D. ---, Nos. 09md2087 BTM (KSC) and 09cv1088 BTM (KSC), 2014 WL 295302, at *2-4 (S.D. Cal. Jan. 27, 2014) (Moskowitz, C.J.). There, as here, the defendants, relying on Justice Stevens' concurring opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company* ("*Shady Grove*"), 559 U.S. 393 (2010), argued that Rule 23 would not apply to the non-federal claims at issue because application of the Rule would violate the Rules Enabling Act's proscription against federal procedural rules abridging, enlarging or modifying a substantive right. As here, the defendants argued that the provisions conflicting with Rule 23 were found *within* the state consumer practice acts at issue there and were therefore so intertwined with the state rights or remedies that application of Rule 23 would violate the Rules Enabling Act. *Hydroxycut*, 2014 WL 295302 at *2. The court soundly rejected the defendants' contentions, as the Court should do here.

The *Hydroxycut* court correctly explained that Justice Stevens' concurring opinion in *Shady Grove* is **not** controlling here. In *Hydroxycut*, the defendants, as here, relied on *Marks v. United States*, 430 U.S. 188 (1977), for the assertion that where there is no majority in a Supreme Court decision, the narrowest grounds on which there is a majority represents the Court's holding. *Hydroxycut*, 2014 WL 295302 at *2. Chief Judge Markowitz explained that, although the plurality (Justices Scalia, Roberts, Thomas and Sotomayor) and Justice Stevens agreed that a New York statute that prohibited class actions in suits seeking penalties was preempted by Rule 23 in a federal district court sitting in diversity, the plurality and concurring opinions reached this conclusion



1
**PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF**

46995.2

pursuant to vastly different theories. *Hydroxycut*, 2014 WL 295302 at *2-3. The *Shady Grove* plurality held that when determining whether a Federal Rule of Civil Procedure preempts state law (or, in this case, Iraqi law), courts need only inquire as to what the rule regulates. *Hydroxycut*, 2014 WL 295302 at *2 (citing *Shady Grove*, 559 U.S. at 407). The plurality went on to hold that the effect the rule might have on state substantive or procedural law is irrelevant, the focus must be on whether the federal rule is procedural in nature. *Id.*

On the other hand, Justice Stevens found that the federal courts must look to the nature of the state law that is being displaced to determine whether application of the federal rule would violate the Rules Enabling Act. *Hydroxycut*, 2014 WL 295302 at *3 (citing *Shady Grove*, U.S. at 423 (concurring J. Stevens)). Justice Stevens held that a federal rule cannot govern in a case where the federal rule would preempt a state procedural law that was so "intertwined" with a state right or remedy that it functions to define the scope of the state-created right. *Id.*

Because the road to their like conclusion was antithetical, Chief Judge Moskowitz correctly concluded that Justice Stevens' concurring opinion was neither the "logical subset" of the plurality's nor represents a "common denominator." *Hydroxycut*, 2014 WL 295302 at *3.[1] And because the splintered nature of the *Shady Grove* opinion does not provide lower courts with guidance (the Ninth Circuit has not yet addressed the scope of the *Shady Grove* decision), the *Hydroxycut* court determined that it was bound by "pre-*Shady Grove* Ninth Circuit cases analyzing whether the application of federal rules in certain situations would violate the Rules Enabling Act." *Id.*; *see also McCalla v. Royal MacCabees Life Ins. Co.*, 369 F. 3d 1128, 1134-36 (9th Cir. 2004).[2]

---

[1] *See also id.* ("[T]he *Marks* standard should only be applied 'where an opinion can be meaningfully regarded as narrower than another and can represent a common denominator of the Court's reasoning.' This standard 'requires that the narrowest opinion is actually the logical subset of other, broader opinions, such that it embodies a position implicitly approved by at least five Justices who support the judgment.'") (quoting *Lair v. Bullock*, 697 F.3d 1200, 1205 (9th Cir.2012)).

[2] Under both the pre-*Shady Grove* standard (the standard which should apply here according to the most recent decision interpreting *Shady Grove*, i.e., *Hydroxycut*) and the standard set forth in Justice Stevens' *Shady Grove* concurrence, the analysis of whether a federal rule preempts a state law consists of a two-part inquiry. As discussed *infra*, the standards diverge as to the second step. However, the first step under both standards is to determine whether a Federal Rule of Civil Procedure answers the question in dispute. *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F. 3d 1128, 1135 (9th Cir. 2004) and *Shady Grove*, 559 U.S. at 398 (*Shady Grove* majority); *Shady*



1  The court's analysis in *Hydroxycut* is correct.  Accordingly, Risinger respectfully submits that this
2  Court, a sister district court in the Ninth Circuit, should apply the same standard here.

**II.      APPLICATION OF THE CONTROLLING NINTH CIRCUIT PRECEDENT REQUIRES THAT RULE 23 PREEMPT ARTICLES 130-136 OF THE IRAQI LABOR CODE BECAUSE THEY ARE PROCEDURAL, NOT SUBSTANTIVE**

Articles 130-136 of the Iraqi Labor Code are strictly procedural.  Each of the provisions in this chapter pertain exclusively to the ***process*** that a complainant must follow to adjudicate a claim under the Labor Code.  Indeed, nowhere in these articles are substantive rights, or the remedies thereunder, discussed.  The procedures for bringing a claim in articles 130-136 stand in stark contrast to articles of the Iraqi Labor Code granting substantive rights.  As an example of the substantive rights set forth in the Iraqi Labor Code, article 34 requires employers, *inter alia*: "(2) to pay the worker wages in accordance with the provisions of this Act; (3) to ensure healthful conditions at the workplace and to take sufficient safety measures designed to protect the worker on the job; (4) to provide the worker with the possibility and means of enhancing his cultural knowledge and technical skills [etc]…."  Further bolstering the conclusion that articles 130-136 are procedural is the fact that they are set forth in a separate section (Part VIII) of the Iraqi Labor Code entitled "Dispute Resolutions."  The other chapter of Part VIII confirms that the entirety of Part VIII is intended to be procedural, as it is concerned with topics such as: the number of labor courts in Iraq (article 137), labor courts' jurisdiction (article 139) and the appealability of decisions (articles 141 and 143).  Further, titles of other parts of the Iraqi Labor Code where substantive rights are set forth include: Wages (Part IV), Hours of Work and Leave (Part V) and Labor Protection and Workers' Protection (Part VI).

Additionally, the process described in articles 130-136 (i.e., the process by which a labor dispute is funneled through the Iraqi adjudicative system) fits seamlessly into the Supreme Court's

---

*Grove*, 559 U.S. at 417 (concurring J. Stevens) (all citing to *Hanna v. Plumber*, 380 U.S. 460, 471 (1965).  Because "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met," there is no debate that Rule 23 satisfies the first prong under both standards. *Shady Grove*, 559 U.S. at 406 (emphasis in original).



definition of "procedure." *See Hanna v. Plumer*, 380 U.S. 460, 464 (1965) (procedure is the "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them") (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).  Indeed, Risinger's expert, Dr. Jaff, opined that articles 130-136 of the Iraqi Labor Code are strictly procedural. (Jaff Decl. ¶¶ 6, 10, dkt. 63-1.)[3]  Thus, there is little doubt that articles 130-136 are procedural, and therefore, under the controlling Ninth Circuit standard, Rule 23 must preempt them in this Court.

### III. ASSUMING ARGUENDO THAT JUSTICE STEVENS' CONCURRENCE DOES APPLY, RULE 23 STILL PREEMPTS ARTICLES 130-136 OF THE IRAQI LABOR CODE

Even if the Court holds that Justice Stevens' *Shady Grove* concurrence is applicable to this dispute, the standard set forth therein still requires that Rule 23 be deemed applicable to Risinger's Iraqi Labor Code claims.

"The bar for finding an Enabling Act problem is a high one. . . .  The mere possibility that a federal rule would alter a state-created right is not sufficient.  There must be little doubt," because "one can often argue that the state rule was *really* some part of the State's definition of its rights or remedies." *Shady Grove*, 559 U.S. at 432 (concurring, J. Stevens) (emphasis in original).

The determining factor under Justice Stevens' test is whether Rule 23 complies with the Rules Enabling Act, that is to say whether the rule abridges, enlarges or modifies a substantive right. *Shady Grove*, 559 U.S. at 422 (concurring, J. Stevens).  This determination turns on the nature of the law that is being displaced by the federal rule. *Shady Grove*, 559 U.S. at 419 (concurring, J. Stevens).  The analysis is not limited to whether the displaced law is substantive or procedural; rather, the analysis is dictated by whether the displaced state law is a part of the framework of substantive rights or remedies in the underlying law. *Id.*  However, "the mere fact

---

[3] Risinger respectfully submits that it would be improper for the Court to disregard Dr. Jaff's expert opinion on Iraqi law on a motion to dismiss. See, e.g., *Universe Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F. 3d 1036, 1038 (9th Cir. 1999) (reversing summary judgment where district court disregarded expert declaration on question of foreign law).



that a state law is designed as a procedural rule suggests it reflects a judgment about how state courts ought to operate and not a judgment about the scope of state-created rights and remedies." *Id.* at 432.

As explained above in Section II, articles 130-136 of the Iraqi Labor Code are procedural. This fact alone (according to Justice Stevens' concurrence) reflects that these articles were not intended to affect the parties' substantive rights, but just lay out the procedure for seeking redress.

Additionally, SOC cannot clear the high bar of showing that Rule 23 abridges, enlarges or modifies the substantive rights set forth in the Labor Code because the facts of *Shady Grove* leave little room for SOC to argue that Rule 23 exceeds its statutory limits. In *Shady Grove*, the Supreme Court held that, although New York law precluded class-actions for penalties, application of Rule 23 to certify a class-action suing for a penalty did not enlarge or modify the plaintiff's substantive rights. Here, in a much narrower application of Rule 23, Risinger is merely requesting that the Court apply its own procedures to certify a class. Post-*Shady Grove* decisions are in accord with this reasoning.

In *Jones v. United Parcel Service*, 674 F. 3d 1187 (10th Cir. 2012), Kansas state law dictated that punitive damages were to be decided by the court, but federal law (Rule 38) provided for a jury determination of punitive damages. *Id.* at 1203-04. The *Jones* court, in applying *Shady Grove*, held that Rule 38 complied with the Rules Enabling Act, and said that Rule 38 "determines only who will serve as fact finder…, not what law will apply to those facts…. 'To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.'" *Id.* at 1206 (quoting *Hanna v. Plumer*, 380 U.S. at 473-74 (1965)). Here, as in *Jones*, application of Rule 23 will determine only which court system (American or Iraqi) will decide whether Risinger can prosecute his claims as a class. *See also Fitzgerald v. Gann Law Books, Inc.*, No. 11-cv-4287 (KM), 2013 WL 3892700, at *5-6 (D.N.J. July 29, 2013) (holding that although the New Jersey Fax Act required that adjudication of claims thereunder were to "proceed in a summary manner" which "tend[ed] to suggest that a class action was not within the State legislature's contemplation," the

1  court approved of a class-action based on the *Shady Grove* holding).

2  Further, SOC and its expert have previously acknowledged that the Labor Code provides for class actions/group relief. (Defs.' Supp. Br. 2:1-13 (dkt. 62).) This undisputed availability of class relief in the instant case makes it readily distinguishable from a line of post-*Shady Grove* cases that hold where the substantive law (i.e., the specific law granting the substantive right) prohibits class actions, applying Rule 23 would enlarge, abridge or modify a substantive right. *See, e.g. Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08cv408, 2010 WL 6298271, at *3-4 (S.D. Ohio Dec. 30, 2010) (holding that class could not be maintained under Ohio Consumers Sales Practices Act because provision of the act specifically prohibits class actions); *see also Stalvey v. Am. Bank Holdings, Inc.*, 4:13–cv–714, 2013 WL 6019320, at *4 (D.S.C. Nov. 13, 2013) (holding that prohibition of class actions in South Carolina's Unfair Trade Practices Act and South Carolina Consumer Protection Code were substantive) and *Williams v. Chesapeake La., Inc.*, No. 10–1906, 2013 WL 951251, at *5 (W.D.La. Mar. 11, 2013) (finding a notice provision of Louisiana's Mineral Code Articles that effectively barred class actions for the underpayment of mineral royalties not preempted by Rule 23).

Finally, to the extent that SOC argues that Rule 23 cannot apply because articles 130-136 mandate the only procedure by which a group relief claim can be adjudicated under the Labor Code, this argument fails because these articles would bestow Iraq with exclusive jurisdiction.[4] It is well-established that foreign courts cannot dictate the jurisdiction of American courts. *Randall v. Arabian Am. Oil Co.*, 778 F. 2d 1146, 1150 (5th Cir. 1985). Therefore, because the procedures required under articles 130-136 can only be complied with in Iraq (e.g., article 132(5) requires that the Minister of Justice empanel the labor disputes panel of the Iraqi Court of Cassation), Rule 23 must displace the Iraqi procedures for group relief in federal court.

---

[4] SOC has argued that articles 130-136 are akin to requiring the exhaustion of administrative remedies. This is an erroneous characterization, as this scheme contemplates the ***full, final and non-appealable*** adjudication of a labor dispute, not a preliminary step in the process. (See e.g., Iraqi Labor Code article 133.)



## IV. THIS COURT MUST APPLY FEDERAL PROCEDURAL LAW

The Court also requested that the parties provide examples of federal courts applying federal procedural law where federal law conflicted with the procedural rules of a foreign country. As an initial matter, the Federal Rules of Civil Procedure "govern in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1; *Califano v. Yamasaki*, 442 U.S. 682, 699-700 (1979). Moreover, a long line of cases have held that federal procedural law applies even when it conflicts with the procedural law of another country. *See e.g., Bournias v. Atl. Mar. Co.*, 220 F. 2d 152, 154 (2nd Cir. 1955) ("In actions where the rights of the parties are grounded upon the law of jurisdictions other than the forum, it is a well-settled conflict-of-laws rule that the forum will apply the foreign substantive law, but will follow its own rules of procedure" and recognized that the application of foreign procedural law would render an undue burden upon the forum court); *Servicios Commerciales Andinos S.A. v. Gen. Elec. Del Caribe, Inc.*, 145 F. 3d 463, 479 (1st Cir. 1998); *Randall v. Arabian Am. Oil Co.*, *supra*, 778 F. 2d at 1152 (5th Cir. 1985); *Bowoto v. Chevron Corp.*, No. C 99 02506 SI, 2007 WL 2349338, * 7 (N.D. Cal. Aug. 14, 2007).

## V. CONCLUSION

Based on the preceding discussion, Risinger respectfully submits that the Court deem Rule 23 applicable to Risinger's claims arising under the Iraqi Labor Code.

Dated: February 11, 2014

EARLY SULLIVAN WRIGHT
  GIZER & MCRAE LLP

/s/ Scott E. Gizer

Scott E. Gizer, Bar No. 12216
Devin A. McRae, *Pro Hac Vice*
EARLY SULLIVAN WRIGHT
 GIZER & MCRAE LLP
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676
Attorneys for Plaintiff KARL E. RISINGER,
on behalf of himself and all others similarly situated