UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KARL E. RISINGER,

      Plaintiff,

 v.

SOC LLC, et al.,

      Defendants.

Case No. 2:12-cv-00063-MMD-PAL

ORDER

(Def.'s Motion to Dismiss – dkt. no. 32)

## I. SUMMARY

This Order addresses the issues identified in the Court's March 29, 2013 Order (the "Order") granting in part and denying in part Defendants' SOC LLC, SOC-SMG, Inc., and Day & Zimmerman's Motion to Dismiss. (Dkt. no. 59.) The Order directed additional briefing with regard to Plaintiff Karl E. Risinger's claims asserted under Iraqi labor law. After considering the supplemental briefs and hearing the parties' arguments, the Court finds that it lacks subject matter jurisdiction over these claims. Defendants' Motion to Dismiss Plaintiff's claims under Iraqi law is granted.

## II. BACKGROUND

The factual background of this case is recited in the Court's March 29, 2013, Order. (Dkt. no. 59.) The Order found that Iraqi law properly applies to Plaintiff's claims asserted pursuant to the Iraqi Labor Code. The Court instructed the parties to provide supplemental briefing on the viability of Plaintiff's Iraqi law claims with particular focus on: (1) "the availability of class relief"; (2) "the relevance of Iraqi court's exclusive

jurisdiction over labor disputes for this Court sitting in diversity"; (3) "the availability of relief to an employee who has not complied with any labor permitting requirement"; and (4) other relevant considerations. (*Id.* at 26.)

The parties filed supplemental briefs on April 29, 2013. (Dkt. nos. 62 and 63.) The Court reviewed the supplemental briefs and requested additional briefing from the parties on the application of Fed. R. Civ. P. 23 to Plaintiff's Iraqi law claims. (Dkt. no. 64.) The parties filed supplemental briefs in response to the Court's minute order on February 11, 2014, (dkt. nos. 68 and 69) and the Court held a hearing on February 18, 2014 (dkt. no. 70). The Court now resolves the issue of whether relief is available to Plaintiff under Iraqi law.

### III. DISCUSSION

As previously mentioned, the Court ordered supplemental briefing on the relevance of the Iraqi court's exclusive jurisdiction over Plaintiff's Iraqi labor law claims. Article 12, paragraph 2, of SOFA, titled "Jurisdiction," states that "Iraq shall have the primary right to exercise jurisdiction over United States contractors and United States contractor employees." (Dkt. no. 33, Tab E at A156.) The parties disagree on what the "primary right to exercise jurisdiction" means. Plaintiff argues that it does not purport to impart *exclusive* jurisdiction and therefore the United States should be understood to have "secondary jurisdiction." (*See* dkt. no. 63 at 2–4.) Defendants argue that it gives exclusive jurisdiction to Iraq and therefore Iraq must waive jurisdiction before it can be asserted by US courts. (*See* dkt. no. 68 at 3–6.) The Court finds that it does not have subject matter jurisdiction over Plaintiff's claims under Iraqi labor law.

#### A. Legal Standard

Federal courts are courts of limited jurisdiction. Accordingly, federal subject matter jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Subject matter jurisdiction concerns the power of the court to hear a particular case, thus it is a threshold issue that may be raised at any time and by any party. Fed. R. Civ. P.

12(b)(1). The Court may *sua sponte* raise the issue of lack of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3). Even where neither party contests subject matter jurisdiction, courts are "bound to address it *sua sponte* if it is questionable." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted).

### B. Analysis

As the Court noted in its Order, and as the parties do not dispute, SOFA "may be regarded as equivalent to a treaty and therefore as federal law." (Dkt. no. 59 at 21 (citing *Dep't of Def v. Fed. Labor Relations Auth.*, 685 F.2d 642, 648 (D.C. Cir. 1982)).) In interpreting the language of a treaty, the "clear import of treaty language controls unless 'application of the words of the treaty according to their obvious meaning effects a result inconsistent with the intent or expectations of its signatories.'" *Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 180 (1982). Similar to the practice of treaty analysis that the Supreme Court identified in *Sumitomo*, Article 31 of the Vienna Convention on the Law of Treaties (VCLT) states that "[a] treaty shall be interpreted in good faith in accordance with the ordinary meaning to be given to the terms of the treaty in their context and in light of its object and purpose." *See* Vienna Convention on the Law of Treaties art. 31, *opened for signature* May 23, 1969, 1155 U.N.T.S. 331; *cf. Mora v. New York*, 524 F.3d 183, 196 n.19 (2d Cir. 2008) ("Although the United States has not ratified the Vienna Convention on the Law of Treaties, our Court relies on it as an authoritative guide to the customary international law of treaties, insofar as it reflects actual state practices.") (internal quotation marks omitted). "Basic principles of treaty interpretation—both domestic and international—direct courts to construe treaties based on their text before resorting to extraneous materials." *United States v. Ali*, 718 F.3d 929, 939 (D.C. Cir. 2013).

Looking at SOFA's text, Iraq has the primary right to exercise jurisdiction over Plaintiff's Iraqi law claims, and Iraq must waive its right or its courts must decline jurisdiction before this Court can exercise jurisdiction.[1] Article 12 of SOFA recognizes "Iraq's sovereign right to determine and enforce the rules of criminal and civil law in its territory" and "the duty of the members of the United States Forces and the civilian component to respect Iraqi laws, customs, traditions, and conventions." (SOFA Art. 12; dkt. no. 33, Tab E at A156.) The first three (3) paragraphs assign "the primary right to exercise jurisdiction" to Iraq and the US as to certain categories of disputes. Paragraph 1 gives Iraq "the primary right to exercise jurisdiction over members of the United States Forces and the civilian component for [] grave premeditated felonies . . . when such crimes are committed outside agreed facilities and areas and outside duty status." (*Id.*) Paragraph 2, as previously mentioned, gives Iraq "the primary right to exercise jurisdiction over United States contractors and United States contractor employees." (*Id.*) Paragraph 3 gives the US "the primary right to exercise jurisdiction over members of the United States Forces and the civilian component for matters arising inside agreed facilities and areas; during duty status outside agreed facilities and areas; and in circumstances not covered by [P]aragraph 1." (*Id.*) Additionally, Paragraph 6 states that "[t]he authorities of either Party may request the authorities of the other Party to waive its primary right to jurisdiction in a particular case." (*Id.*)

Plaintiff and Defendants agree that Paragraph 2 is operative in this dispute and that Iraq has the primary right to exercise jurisdiction. Plaintiff argues, however, that US courts have "secondary jurisdiction" and may assert jurisdiction over this dispute, without providing notice to Iraq, unless or until Iraq indicates that they would like to exercise jurisdiction. The Court disagrees with Plaintiff's reading of the text.

---

[1] *Black's Law Dictionary* (9th ed. 2009) defines "primary jurisdiction" as a "power of an agency to decide an issue in the first instance when a court, having concurrent jurisdiction with the agency, determines that it would be more pragmatic for the agency to handle the case initially." By its plain language, then, SOFA's assignment of a primary right to exercise jurisdiction conveys the power to resolve a dispute "in the first instance."

Plaintiff's reading would lead to an absurd result in which both parties could completely disregard the other party's primary right to exercise jurisdiction. For example, Iraq could exercise jurisdiction and enter judgment against a civilian employed by the US Department of Defense for a matter arising inside an agreed area so long as the US does not find out about the dispute and actively challenge Iraq's jurisdiction pursuant to Paragraph 3. In effect, Plaintiff's reading would require both parties to actively monitor those cases that may fall under Paragraphs 1–3 of Article 12 and affirmatively assert jurisdiction, lest a party's primary right be disregarded. One of the stated goals of SOFA is to strengthen cooperation between the United States and Iraq during the presence of the United States Forces. *(See* SOFA Preamble and Art. 1; dkt. no. 33, Tab E at A149, A156.) Far from accomplishing that objective, however, Plaintiff's reading would cause the parties to cast a skeptical eye towards the activities of the other party's courts.

Further, Paragraph 6 of Article 12 would be made extraneous by Plaintiff's reading. If, as Plaintiff argues, both parties may assert jurisdiction over a dispute without regard for which party maintains the primary right to exercise jurisdiction under SOFA, then there would be no need for either party to obtain a waiver. The Court reads Paragraph 6 as allowing a party to request a waiver if said party lacks a primary right but wants to exercise jurisdiction. Plaintiff points out that the word "may" is permissive and argues, therefore, that the United States should not be *required* to obtain a waiver. This interpretation misses the mark. The language is permissive because a party need not request a waiver in every instance in which it does not hold a primary right to exercise jurisdiction. A party without the primary right to exercise jurisdiction may ask for a waiver if it is interested in asserting jurisdiction, or it may refrain from requesting a waiver, in which case the other party can exercise or decline to exercise jurisdiction on its own accord. Paragraph 6 merely provides an option for the United States if it wants to assert jurisdiction over a matter for which Iraq has a primary right.

/ / /

/ / /

The Court therefore reads Paragraph 2 of Article 12 as requiring Iraq to have either declined to exercise jurisdiction over this dispute on its own accord, or to have granted a waiver to the United States in order for this Court to have subject matter jurisdiction. The Court's interpretation is consistent with the context of Article 12 and SOFA as a whole, and further supports the intent and expectations of the parties, which was to encourage cooperation between "coequal countries" while still respecting the sovereignty of Iraq over its own territory. (*See* SOFA Preamble and Art. 12; dkt. no. 33, Tab E at A149, A156.)

Though the Court need not look further than the text of SOFA itself, the Court notes that its reading is consistent with other Status of Forces Agreements to which the United States is a party. The Agreement Between the Parties to the North Atlantic Treaty Regarding the Status of their Forces ("NATO SOFA"), for example, gives the primary right to exercise jurisdiction to the nation most concerned with the dispute, and allows the nations to agree to waive their jurisdictional authority when requested. *See United States v. Singleton*, 15 M.J. 579 at 580 (A.C.M.R. 1983). Rooted in the NATO SOFA, "[t]he United States has consistently followed the policy of requesting waivers of a host country's primary jurisdiction to try offenses." *United States v. Murphy*, 18 M.J. 220, 236 (C.M.A. 1984) (Everett, C.J., concurring). A report for Congress on SOFA looked at past Status of Forces Agreements and identified two types of jurisdiction agreements: (1) "exclusive jurisdiction" is when the United States maintains the right to jurisdiction over violation of the laws of the foreign nation; and (2) "shared jurisdiction" is when "each party to the agreement retains exclusive jurisdiction over certain offenses" but allows the United States to request a waiver.[2] Consistent with this framework, SOFA sets up a "shared jurisdiction" structure whereby Iraq retains jurisdiction over this dispute.

/ / /

---

[2] *See* R. Chuck Mason, Congressional Research Service, U.S.-Iraq Withdrawal/Status of Forces Agreement: Issues for Congressional Oversight, R40011, 7 (July 13, 2009) *available at* https://www.fas.org/sgp/crs/natsec/R40011.pdf

Plaintiff argues that, even if SOFA does limit the Court's jurisdiction, it expired on December 31, 2011, and therefore no longer applies. The Court disagrees. Article 12 of SOFA is not a US jurisdictional rule based in statute. It is thus distinguishable from the types of jurisdictional rules that district courts should disregard if repealed before the court's decision. *See Landgraf v. USI Film Products*, 511 U.S. 244, 274 (1994). SOFA is an agreement, carefully negotiated between nations and designed to regulate the "presence, activities, and withdrawal of the United States Forces from Iraq." (SOFA Art.1; dkt. no. 33, Tab E at A149.) It seeks to ensure that, despite the presence of US forces and contractors in Iraq, Iraq's "sovereign right" to enforce its laws is respected. (SOFA Art. 12; dkt. no. 33, Tab E at A156.) Consistent with that object and purpose, SOFA's jurisdictional provisions must apply to covered activities that occurred during the time period in which it was in effect. As this case demonstrates, disputes may continue to arise from activities that occurred in Iraq while the United States forces and contractors were present, and SOFA was still in effect. Parties are not permitted to circumvent negotiated jurisdictional provisions by waiting for SOFA's expiration before initiating legal action in US courts. Article 12 applies to this case because it was in effect when the conduct giving rise to this case occurred.

Paragraph 2 of Article 12 gives Iraq the primary right to exercise jurisdiction over Plaintiff's claims under Iraqi law and Plaintiff does not contend that Iraq has declined to exercise jurisdiction or has granted a waiver. The Court thus does not have subject matter jurisdiction over Plaintiff's Iraqi labor law claims and they will be dismissed.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues raised in the supplemental briefs.

/ / /

/ / /

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 32) is granted as to the Complaint's claims asserted pursuant to Iraqi labor law. Counts 14–17 in the Complaint are dismissed.

DATED THIS 27th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE