UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KARL E. RISINGER, | Case No. 2:12-cv-00063-MMD-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #132) |
| SOC LLC, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Karl E. Risinger's Motion for Leave to File Documents Under Seal (Dkt. #132) filed February 2, 2015. This matter was referred the undersigned pursuant to LR IB 1-3. The court has considered the Motion and the supporting declaration of Devin A. McRae.

Plaintiff seeks an order pursuant to LR 10-5(b) allowing him to file Exhibit 4 to the Motion to Impose Rule 37 Sanctions on Defendants for Violation of the Court's November 18, 2014, Order (Dkt. #132), which contains the deposition transcript from the deposition of Eileen Chipp. Plaintiff asserts the deposition transcript is confidential pursuant to the Protective Order (Dkt. #81) entered by the court on August 26, 2014, because it refers to other information and contains exhibits designated confidential pursuant to the Protective Order.

As a general matter, there is a strong presumption of access to judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002).

1 As an initial matter, Plaintiff's reliance on the Protective Order to establish good cause to
2 seal the documents is insufficient. In the Order (Dkt. #82) entered with the Protective Order, the
3 court specifically approved the parties' Protective Order to facilitate discovery exchanges, and
4 "the parties have not shown, and the court has not found, that any specific documents are secret
5 or confidential." Order (Dkt. #81) at 2: 3-5. The Ninth Circuit requires a party to make a
6 particularized showing of good cause for each document it seeks to file under seal. *See Foltz,*
7 331 F.3d at 1131. The movant must make the required particularized showing for each
8 document they seek to seal. A party seeking a blanket protective order "typically does not make
9 the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Id.* at
10 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)
11 (explaining that blanket stipulated protective orders are over-inclusive by nature and do not
12 include a finding of "good cause").

13 Because a blanket stipulated protective order does not contain a finding of good cause to
14 keep any particular document confidential, the fact that a court has entered a blanket stipulated
15 protective order and that a party has designated a document confidential pursuant to that
16 protective order does not establish good cause for sealing a particular document. *See, e.g.,*
17 *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D.
18 Nev. June 9, 2014); *see also Kamakana,* 447 F.3d at 1183 (discussing "the hazard of stipulated
19 protective orders," noting they often "purport to put the entire litigation under lock and key
20 without regard to the actual requirements of Rule 26(c)").

21 The court appreciates that Plaintiff has filed this motion because Defendant designated
22 the transcript as confidential to comply with the Protective Order. However, Plaintiff has not
23 met its burden of making a particularized showing of good cause to file the transcript under seal
24 by merely stating Defendant designated the transcript as confidential. It did not provide any
25 specific facts, supported by affidavits or concrete examples, to show any specific confidential
26 information should remain under seal or establish that disclosure of the information would cause
27 an identifiable and significant harm. In addition, the Ninth Circuit imposes a duty on this court
28 to not only consider whether the party seeking protection has shown particularized harm, and

2

whether the balance of public and private interests weighs in favor, but also keep in mind the possibility of redacting sensitive material. The Ninth Circuit has made clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011). Here, Plaintiff has not specified which portions of the deposition transcript and related exhibits should remain under seal.

For all of these reasons,

**IT IS ORDERED**:

1. Plaintiff's Motion to Seal (Dkt. #132) is DENIED WITHOUT PREJUDICE.

2. Any party seeking to maintain the deposition transcript and related exhibits, attached as Exhibit 4 to Plaintiff's Motion for Sanctions (Dkt. #131) shall have until **February 24, 2015,** in which to file a Memorandum of Points and Authorities and any supporting declaration or affidavit to make a particularized showing of good cause why Exhibit 4, or redacted portions of Exhibit 4, should remain under seal.

3. Exhibit 4 to Plaintiff's Motion for Sanctions (filed under seal as Exhibit 1 to the Motion to Seal) (Dkt. #132-1) shall remain under seal until **February 24, 2015.** If no party timely complies with this order, the Clerk of Court is directed to unseal the Exhibit (Dkt. #132-1) and make it available on the public docket.

Dated this 10th day of February, 2015.

                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE