UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARL RISINGER,, | Case No. 2:12-cv-00063-MMD-PAL |
| Plaintiff, | ORDER |
| v. | (Mot Sanctions – Dkt. #131) |
| SOC, LLC, et al., | |
| Defendants. | |

The court held a hearing on Plaintiff's Motion for Sanctions (Dkt. #131) on March 17, 2015. Devin McRae appeared on behalf of the Plaintiff, and Matthew Cecil, Kimberly Gost, and Matthew Hank appeared on behalf of the Defendants. The court has considered the motion, Defendants' Memorandum of Points and Authorities in Opposition (Dkt. #137), Plaintiff's Reply (Dkt. #138), Plaintiff's Errata (Dkt. #139), and the arguments of counsel at the hearing. Having reviewed and considered the moving and responsive papers and arguments, the motion will be granted to the limited extent described below, and denied in all other respects.

## BACKGROUND

### I.    The Complaint.

The complaint in the case was filed in state court and removed (Dkt. #1) January 13, 2012. An Amended Complaint (Dkt. #19) was filed March 8, 2012. Plaintiff seeks to certify a class of individuals who were employed in Iraq as armed guards for a private security contractor, Defendant SOC, LLC ("SOC"). The amended complaint alleges eighteen claims for promissory fraud, negligent misrepresentation, unjust enrichment – fraud, breach of contract and breach of the covenant of good faith and fair dealing, quantum meruit, unjust enrichment and multiple violations of state and federal wage and hour laws pertaining to overtime, rest days and meal periods.

Plaintiff claims that he and other similarly situated class members were recruited to provide security services in Iraq under false promises of a fixed salary and a schedule with paid time off. However, after they were physically transported to Iraq, Plaintiff and other armed guards were inserted into situations that required work in ultra-hazardous conditions in excess of twelve hours per day, without meal or rest periods, seven days per week and without any overtime compensation. These practices violated state and federal wage and hour laws. They also violated SOC's contract with the Department of Defense which requires SOC to manage its work force in a manner that does not require any guard or guard team leader to work any longer than one twelve-hour shift per twenty-four hour period, and not more than seventy-two hours per week.

## II.    The Parties' Positions.

### A.  The Motion to Compel.

In the current motion, Plaintiff seeks sanctions under Rule 37, asserting Defendants violated the court's November 18, 2014, order requiring that Defendants produce certain documents and produce a fully educated Rule 30(b)(6) designee to testify on three topics. Specifically, Plaintiff requests an order: (1) precluding the Defendants from presenting any evidence at trial regarding staffing which is different from, or beyond, what was produced in discovery; (2) an order imposing monetary sanctions for failure to comply with the order to produce a fully educated Rule 30(b)(6) designee on Topic 21 because the designee was not knowledgeable about whether Defendants had staffed individual posts at bases to which they provided security services in Iraq any differently from the bidding numbers which they provided in discovery, and also failed to offer a satisfactory explanation for Defendants' aggregate armed guard numbers provided to the Plaintiff in supplemental disclosures December 10, 2014, after the close of discovery.

Plaintiff argues that he recently discovered that Defendants were "bidding to the man" to win a government contract as late as 2011. This is a practice which involves bidding only the exact number of guards required to fill a request from the government. "Bidding to the man" eliminates rotation personnel and guarantees a shortage of manpower. Plaintiff believed that

1   Defendants were "stonewalling" and filed a prior Motion to Compel (Dkt. #90) which the court

2   set for hearing on November 18, 2014.  At the hearing, "the parties honed in on the distinction

3   between the number of guards bid by Defendants for individual posts at bases in Iraq versus the

4   number of guards ultimately staffed at those posts."  The court required the Defendants to

5   produce certain documents relating to bidding and staffing and to produce a Rule 30(b)(6)

6   deponent "to testify about the bidding versus staffing distinction focused upon by the parties at

7   the hearing."  Plaintiff claims that Defendants' Rule 30(b)(6) designee, Eileen Chipp, was

8   unqualified to testify regarding certain subjects that Plaintiff maintains were included in the Rule

9   30(b)(6) notice.

10      Plaintiff claims that after the close of discovery, and after the parties filed motions for

11   summary judgment, and Plaintiff filed a motion for class certification, Defendants amended their

12   interrogatory responses to reduce the aggregate armed guard numbers they provided in prior

13   responses by more than 2500 guards.  Ms. Chipp explained the discrepancy during a Rule

14   30(b)(6) testimony.  However, Plaintiff claims that the answer provided was conclusory and

15   based on a single fifteen minute conversation with one of Defendants' employees.  For both

16   reasons, Plaintiff maintains that the Defendants violated the court's order by failing to produce a

17   designee qualified to testify on the subject matters the court ordered.  Additionally, Defendants

18   produced approximately 4,000 pages of documents pursuant to the court's order on December 2,

19   2014.  Plaintiff's counsel reviewed the documents and noticed many documents were missing,

20   including statements of work.  The documents produced suggested that a significantly lower

21   number of guards had been employed than the 4,220 guards claimed in answers to

22   interrogatories.  Defendants produced an additional 26,000 pages of additional documents which

23   caused the Rule 30(b)(6) deposition to be delayed while Plaintiff reviewed them.

24      The declaration of Mr. McCrae was submitted with the motion and asserts that Exhibit 4

25   is a true and correct copy of the transcript of Ms. Chipp's deposition.  However, a copy of the

26   transcript was not filed under seal or otherwise.  Exhibit 4 to Docket #131 is a cover page that

27   says "filed under seal pursuant to Local Rule 10-5".  Nothing is attached.

28   / / /

3

1

**B.  Defendants' Opposition.**

2          Defendants oppose the motion arguing the Plaintiff has not identified any aspect of the

3   court's November 18, 2014, order which Defendants violated.  Additionally, Defendants argue

4   Plaintiff has not shown prejudice and the sanctions Plaintiff seeks bear no relation to the

5   ostensible violation of the order.  Plaintiff filed a Motion to Compel (Dkt. #90), Motion to

6   Extend Deadlines (Dkt. #91), and Motion for Sanctions (Dkt. #92) five days after the close of the

7   discovery cutoff.  Defendants opposed the motions and requested that the court deny all forms of

8   relief because the Plaintiff had failed to specify what documents, information, and testimony

9   Defendants allegedly withheld in discovery, failed to identify which discovery requests were at

10  issue, or show why the information sought was relevant and why Defendants' objections were

11  not meritorious.  The court held a hearing on November 18, 2014, and entered a minute order the

12  following day granting Plaintiff limited relief.  At the hearing, the court engaged in extensive

13  back-and-forth with Plaintiff's counsel to determine exactly what documents and information

14  Plaintiff sought to compel and to identify to what discovery requests those documents and data

15  were allegedly responsive.   The court's minute order granted limited relief in requiring

16  Defendants to produce certain documents identified in the minute order and to produce a fully

17  educated Rule 30(b)(6) designee on Topics 3, 21 and 30 of the 33 topic deposition notice, and

18  attached request for production of documents.

19          Defendants assert that they completely complied with the court's order and produced a

20  Rule 30(b)(6) deponent to address the topics as ordered.  However, on January 23, 2015, two

21  days before the Rule 30(b)(6) deposition, Plaintiff issued a new notice of deposition which

22  purported to expand Topic 21.  Defendants responded that they would not produce a witness on

23  topics the court did not order.  Ms. Chipp was produced and testified for a number of hours on

24  the topics as ordered.  Ms. Chipp provided the information concerning the number of guards

25  SOC employed in Iraq from 2006 to 2012.  She explained why the Defendants' original answers

26  to Plaintiff's first interrogatories were inaccurate about the number of guards employed in Iraq.

27  She testified about the number of hours worked and vacation days taken by guards employed by

28  Defendant between 2006 and 2012.

In addition, she answered questions beyond the scope ordered by the court about how SOC staffed specific posts in Iraq with armed guards.  She explained that the difference between the number of guards bid and the number of guards staffed existed because "there were more people who actually worked because of turnover than the numbers that would have been in the bid."  She also testified that some of the individuals who staffed the position of armed guards in Iraq were actually supervisors filling in on an as-needed basis when, for example, someone was sick or on vacation.  Chipp testified that the number of individuals SOC used to staff a location exceeded the number of individuals bid to staff that location because SOC was able to increase the number of guards at the facility by economizing in other areas.  SOC concedes that Ms. Chipp was not prepared to answer questions on how many armed guards were staffed to provide security on a post-by-post basis, or to respond to questions about whose fault the staffing issue was.

Defendants maintain that none of the documentary or testimonial evidence the court ordered the Defendants to produce at the November 18, 2014, hearing establish how SOC staffed individual posts and sites.  At the hearing, defense counsel explicitly told the court and opposing counsel that the documents the court ordered Defendants to produce would not establish how SOC staffed posts and sites in Iraq.

Defendants also argue that Plaintiff's January 23, 2015, notice of deposition tacitly acknowledges that nothing in the court's order required Defendants to produce a witness prepared to testify about staffing at individual posts and sites.  Sanctions are not appropriate because the Defendants complied with the court's order, Plaintiff has not established any prejudice, and seeks sanctions that are not proportional to the alleged harm.

Defendants maintain that they have produced discovery that shows how many guards SOC bid to provide security in Iraq, and how many guards SOC actually used in Iraq.  The number of guards bid can be determined by reviewing the documents SOC produced in response to the court's order following the hearing on November 18, 2014.  The number of guards actually used can be determined by reviewing SOC's third supplemental answers to Plaintiff's first set of

interrogatories, and the guards' contracts, which were made available to Plaintiffs for inspection and copying during discovery.

Finally, Defendants argue that, even if the court's earlier order required Defendants to produce a witness knowledgeable about staffing issues on a post-by-post basis, Defendants' failure to produce a knowledgeable witness was not the result of bad faith, but an ambiguity created by Plaintiff's lack of clarity both in its motion to compel and in oral argument at the hearing.

### C.  Plaintiff's Reply.

Plaintiff replies that its motion for sanctions seeks to hold Defendants to the original aggregate 4.220 armed guard number it provided in its initial discovery responses, and to preclude Defendants from producing evidence and witnesses at trial to show that they staffed individual bases and posts in Iraq any differently than the bidding numbers provided to the Plaintiff in discovery.  Late in the discovery process, Plaintiff discovered that SOC engaged in "bidding to the man."  Plaintiff argues that evidence of this practice establishes many of his fraud claims because intentional understaffing violates guidelines under the TWISS-II contract with Defendants and contradicts representations made to potential recruits about their work hours and breaks.  After Plaintiff discovered this, Defendants adopted a "backup argument" that even if they "bid to the man" they did not "staff to the man".

Plaintiff fears that Defendants may seek to introduce evidence and witnesses at trial regarding staffing never previously produced or disclosed in discovery.  Defense counsel told the court at the November 18, 2014, hearing that information Plaintiff sought could be found in two key documents for each TWISS-II site.  Plaintiff would not have acquired evidence of Defendants' "bidding to the man" practice if not for the court's intervention, and Defendants' continuing misconduct and potential withholding of evidence demonstrates that imposition of sanctions is appropriate.  The amended deposition notice on Topic 21 served January 23, 2015 dealt with information learned from the more than 26,000 page supplement the Defendants produced after Plaintiffs complained that many of the documents earlier produced were missing from the production compelled by the court's order.  The supplemental documents were also

produced after Plaintiff pointed out that the number of armed guards Defendants supplied in interrogatory responses did not match the number of guards reflected in the documents Defendants produced.  Plaintiff claims that under these circumstances, the Defendants have waived any right to produce "any evidence whatsoever indicating that they staffed bases and posts any differently from the numbers they provided in discovery."

## DISCUSSION

### I.     Applicable Law.

#### A.     Rule 26

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial disclosures "without awaiting a discovery request."  Rule 26(a)(1)(A)(i) requires the parties to disclose the names of witnesses, and if known the address and telephone number of each individual likely to have discoverable information about a party's claims or defenses.  It also requires a description of the subjects on which the witness may testify.  Rule 26(a)(1)(A)(ii) requires disclosure by category and location of documents, including electronically stored information in a party's care, custody and control that may be used to support a party's claims or defenses, "unless the use would be solely for impeachment".  According to the advisory committee note to Rule 26, these requirements are  "the functional equivalent of a standing Request for Production under Rule 34."  Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendment.

Rule 26(e)(1) requires a party making initial disclosures to "supplement or correct its disclosures or responses  . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  The advisory committee's note to the 1993 Amendment indicate that "a major purpose" of the Rule 26(a) initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information."  *Id.*

A party who fails to comply with its initial disclosure requirements and duty to timely supplement or correct disclosures or responses may not use any information not disclosed or supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 27(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). A party facing sanctions under Rule 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or incorrect responses bears the burden of establishing that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**B.      Rule 16(f)**.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose sanctions on a party's motion or on its own motion, including any sanction authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a scheduling order or other pretrial order. *Id.* Sanctions for failure to obey a discovery order include, among other things, striking a party's pleadings in whole or in part or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

**C.      Rule 37.**

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose litigation-ending sanctions. The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples The Office Superstore,* 644 F.3d 817, 827 (9th Cir.2011). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Id.* The 1993

amendments to Rule 37 were "a recognized broadening of the sanctioning power." *Yeti by Molly*, 259 F.3d at 1106. Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.*

In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab.,* 195 F.R.D. at 677 (quoting *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir.1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont.1998). The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd.,* 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir.2001)).

In *Yeti by Molly*, the Ninth Circuit recognized that some courts have upheld preclusion sanctions under Rule 37(c)(1) for a litigant's failure to comply with the requirements of Rule 26, even where they would preclude a litigant's entire claim or defense. *Id*. at 1106. The Ninth Circuit has explicitly rejected the notion the district court is required to make a finding of willfulness or bad faith to exclude damages evidence when preclusion sanctions do not amount to dismissal of a cause of action. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). However, when preclusion sanctions amount to dismissal of a claim, the district court is required to make a finding of willfulness, fault, or bad faith, and to consider the availability of lesser sanctions. *R&R Sales, Inc. v. Insurance Company of Pennsylvania,* 673 F.3d 1240, 1247 (9th Cir. 2012).

### D.      Rule 30(b)(6).

The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process. *See Great American Insurance Co. of New York v. Vegas Const. Co. Inc.,* 251 F.R.D. 536, 538 (D. Nev. 2008) (citing *Resloution Trust Corp v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th

9

Cir. 1993)).   Rule 30(b)(6) serves a unique function in allowing for a specialized form of deposition.   *Sprint Communications Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006).   The rule "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf."   *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996).   It is a discovery device employed by the examining party "to avoid the 'bandying'" by corporations where individual officers disclaim knowledge of facts clearly known to the corporation."   *See* also *Federal Deposit Insurance Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986).

The testimony of a Rule 30(b)(6) designee "represents the knowledge of the corporation, not the individual deponents."   *United States v. Taylor,* 166 F.R.D. at 361; *Hyde v. Stanley Tools*, 107 F.Supp.2d 992 (E.D. La. 2000); *Sprint,* 236 F.R.D. at 527.   A Rule 30(b)(6) designee represents the corporation's position on noticed topics.   *United States v. Massachusetts Indus. Fin. Agency*, 162   F.R.D. 410, 412 (D. Mass. 1995).   A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide "binding answers on behalf of the corporation."   *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 627, 638 (D. Kan. 1999).

The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which the examination is requested."   Fed. R. Civ. P. 30(b)(6).   The responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics.   *Marker v. Union Fidelity Life Insurance Co.,* 125 F.R.D. 121, 126 (M.D.N.C. 1989).   Rule 30(b)(6) is not designed to be a memory contest.   *Bank of New York v. Meridian BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 150 (S.D.N.Y. 1997). However, a corporation has "a duty to make a conscientious good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."   *Starlight*, 186 F.R.D. at 639; *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D. Neb. 1995).   The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved.   *Buycks-Roberson v. Citibank Federal*

*Savs. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995); *Securities and Exchange Commission v. Morelli* 143 F.R.D. 42, 45 (S.D.N.Y. 1992).

### III.    Analysis and Decision.

At the November 18, 2014, hearing the court heard argument on Plaintiff's Motion to Compel (Dkt. #90) which requested an order requiring Defendants: (1) to produce documents in response to Request for Production Nos. 3, 4, 21, and 30 included in Exhibit A to Plaintiff's 30(b)(6) notice of deposition; (2) to prepare the Rule 30(b)(6) designee to testify competently on the critical issue of the number of posts required by the Department of Defense on TWISS-II contracts and the number of guards actually bid by the Defendants; (3) declaring the designee to appear at the Los Angeles offices of Plaintiff's counsel; and (4) imposing monetary sanctions. The motion also requested an extension of the discovery plan and scheduling order deadlines related to the disputes raised in the motion.

The moving and responsive papers were voluminous and consisted of in excess of 700 pages. Counsel for Plaintiff argued that it was not until near the close of discovery during Mr. McAreavy's deposition that Plaintiff learned there were additional documents which were relevant to this case which Defendants had not produced. Plaintiff's counsel had also learned of an arbitration proceeding held to resolve a contractual dispute between SOC-SMG and Day and Zimmerman which addressed disputes these parties had between themselves in their joint venture to provide private protection services for the United States Military in Iraq. This caused Plaintiff to serve a Rule 30(b)(6) deposition notice which also requested documents relevant to the noticed topics. Counsel for Plaintiff accused the Defendants of "stonewalling" and withholding relevant discovery. However, when the court inquired what specific discovery requests had been served which Defendants had not responded to, counsel for Plaintiff referred to his Rule 30(b)(6) deposition notice which contained a request for documents, not any request for production previously served. It took considerable time and effort and multiple questions to both sides for the court to understand the parties' positions about the issues involved in the discovery disputes raised in Plaintiff's motion to compel.

/ / /

It was evident after questioning both sides that Plaintiff was surprised by information he learned late in the discovery process. Specifically, Plaintiff learned that the Defendants bid the contracts with the Department of Defense in dispute in this case "to the man." Plaintiff believed this discovery essentially proved his claims that the Plaintiff and other similarly situated armed security guards were recruited by false promises because if the contracts were "bid to the man" there were no extra guards to cover for days off, rest and meal periods, etc. Late in discovery, Plaintiffs learned that Defendants took the position that the number of guards bid in the contract proposal did not equate to the number of guards who actually worked in Iraq. Defendants assert that just because they may have "bid to the man" did not mean that there were an inadequate number of guards who actually worked covering for days off, sick leave, etc. In other words, Defendants claim that they bid the contracts to the Department of Defense one way but provided more guards than the number of guards bid to account for the need to allow time off, cover for sick leave etc.

It was clear to the court that although the parties had exchanged correspondence and spoken about the dispute, neither side truly understood the other side's position. Plaintiff was concerned that he did not have accurate information about the number of guards employed in Iraq by the Defendants. The motion requested four categories of documents: (1) performance work schedules or statements of work, (2) the actual bid the Defendants submitted to the Department of Defense for these armed security guard contracts, (3) a bid tabulation sheet for all of the TWISS-II sites, and (4) the opening statement by Day & Zimmerman in the arbitration proceeding which "evidently focused on the 'bidding to the man issue.'" Plaintiff argued that these were documents responsive to document requests made in the notice of Rule 30(b)(6) deposition under Topics 4 and 21. Counsel for Plaintiff acknowledged that the noticed topics were very broad. However, counsel emphasized that he had only recently learned about the "bidding to the man" issue near the close of discovery.

Counsel for Defendants argued that counsel for Plaintiff perhaps did not understand or was not adequately articulating the issues involved in the arbitration concerning "bidding to the man." In the arbitration proceeding, it was established that SOC-SMG bid precisely to the

1    requirements of the government with respect to the guards, but actually provided 40 additional

2    guards.  The issue that was arbitrated was who had to pay for those additional 40 guards because

3    the cost of the additional guards had not been factored into the bid.  Counsel for Defendants

4    explained that in the arbitration and in this case, the number of guards bid "does not equate" to

5    the number of guards that actually work in Iraq.

6         Defendants made the personnel files for all of the guards available for inspection and

7    copying at the beginning of this case.  Defense counsel represented that counsel for Plaintiff

8    could have confirmed the number of guards who actually worked in Iraq by reviewing the

9    personnel files and the employment contracts that were produced.  Counsel for Defendants

10   argued the court should not compel Defendants to produce the four categories of documents

11   involved in the motion because they were never asked for in a Rule 34 document request.

12   Counsel also argued that these documents were not covered by documents requests attached to

13   the Rule 30(b)(6) deposition notice.  However, in the spirit of cooperation, she had offered to

14   produce three of the four categories to resolve this dispute without court intervention.

15        In response to a question by the court, counsel for Defendants disagreed with Plaintiff's

16   arguments that to get to the heart of the matter, Plaintiff would need to look at the performance

17   worksheets and the bid tabulation sheets to see how these contracts were staffed. She represented

18   that these documents would show how the contracts were bid.  However, contrary to Plaintiff's

19   arguments in the current motion to compel, defense counsel disagreed that these documents

20   would show how the contracts were staffed, ie, how may guards actually worked in Iraq.

21        The court found that the Plaintiff's Rule 30(b)(6) notice and request for thirty-three

22   deposition topics and documents was extremely overbroad.  However, because Plaintiff appeared

23   genuinely surprised by information he learned from the arbitration proceedings and Mr.

24   McAreavy's deposition,  the court granted the motion to compel in part and ordered Defendants

25   to produce the four categories of documents Plaintiff requested as well as a Rule 30(b)(6)

26   deponent to address categories 3, 21 and 30.

27        At the hearing on this motion, counsel for Plaintiff argued the sanctions he was seeking

28   were rather unremarkable.  He was simply trying to preclude the Defendants from producing

1    documents supporting their staffing claims that had not been produced to the Plaintiff during

2    discovery.  He was also seeking to preclude the Defendants from producing witnesses to address

3    staffing issues that had not been disclosed during discovery.  However, the motion clearly

4    requested much broader discovery sanctions in addition to monetary sanctions.

5         Defendants amended their answers to interrogatories about the aggregate number of

6    armed guards who worked in Iraq during the relevant period.  Defendant's initial answers stated

7    Defendants had employed 4,220 armed guards in Iraq.  On December 10, 2014, Defendants

8    served  third supplemental answers to Plaintiff's first set of interrogatories which disclosed SOC

9    employed approximately 176 United States ex patriot  guards stationed in Iraq in connection with

10   the TWISS-II contract in 2009, approximately 730 in 2010, approximately 773 in 2011, and

11   approximately 29 in 2012.  The supplemental answer indicated SOC employed at total of 1708

12   guards in Iraq during the relevant time period instead of the 4,220, or 2512 fewer guards than the

13   previous answer had provided.  Plaintiff's request for sanctions asks the court to hold Defendants

14   "to the original aggregate 4,220 armed guard number provided in their discovery responses."

15        Ms. Chipp testified at her Rule 30(b)(6) deposition that she spoke with Day &

16   Zimmerman's Director of Transnational Accounting, Katie Harkins-Newman about how she

17   arrived at the initial figure that 4,220 guards had worked in Iraq.  Ms. Chipp explained that a

18   two-step process was used which over-counted the number of guards because Ms. Harkins-

19   Newman search methodology was over-inclusive (1) regarding job titles and counted individuals

20   other than guards and (2) failed to exclude individuals who were absent from the payroll

21   database.

22   Plaintiff's request for sanctions asks the court to hold the Defendants to their original answer to

23   interrogatory rather than the amended answer to interrogatory.  However, Plaintiff has now

24   reviewed the documents the court compelled defendants to produce, learned the 4,200 number is

25   incorrect, and pointed it out to defense counsel.  Defendants had a duty under Rule 26(e) to

26   correct an earlier discovery response when they learned the response was incorrect.   Plaintiff

27   may, of course point out in later proceedings that Defendants' original answer was wrong—by a

28

14

1   lot.   However it would be absurd to sanction a party for providing an incorrect discovery

2   response which it corrected by holding the party to its earlier erroneous response.

3            Plaintiff also claims that Ms. Chipp was not a fully educated Rule 30(b)(6) designee on

4   Topic 21 because she was not knowledgeable about whether Defendants had staffed individual

5   posts as bases in Iraq differently from the number of guards they bid.   The court has carefully

6   reviewed the moving and responsive papers and the transcript of the November 18, 2014 hearing.

7   Plaintiff is clearly suspicious that the Defendants have somehow withheld information vital to

8   his case.   However, a fair reading of Topic 21 did not request deposition testimony or documents

9   about the number of guards who actually worked in Iraq on a post-by-post basis, and the court

10  did not compel the Defendants to provide this discovery.

11           During the hearing on this most recent motion, defense counsel assured the court that the

12  Defendants had produced all documents responsive to Plaintiff's requests, and did not intend to

13  produce at trial any additional documents not disclosed during discovery.   The court will hold the

14  Defendants to their disclosure obligations and will grant the motion to the limited extent

15  Defendants may not use any documents at trial regarding staffing levels in Iraq that were not

16  produced or made available for inspection and copying during discovery in this case.   Similarly,

17  the Defendants will be precluded from calling any witnesses not disclosed during discovery.

18           For the reasons stated,

19           **IT IS ORDERED**:

20       1.  The Motion for Sanctions (Dkt. #131) is **GRANTED** to the limited extent that

21           Defendants may not use any documents at trial regarding staffing levels in Iraq not

22           produced in discovery in this case or made available for inspection and copying.

23           Defendants may also not call any witnesses not disclosed during discovery.

24       2.  The motion is **DENIED** in all other respects.

25       DATED this 24th day of March, 2015.

26

27                                                    _____
                                                      PEGGY A. LEEN
28                                                    UNITED STATES MAGISTRATE JUDGE

15