UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL E. RISINGER, an individual on behalf of himself and all others similarly situated<br><br>Plaintiff,<br>v.<br>SOC LLC, et al.,<br>Defendants. | Case No. 2:12-cv-00063-MMD-PAL<br><br>ORDER<br><br>(Defendants' Motion to Stay Pending Appeal – dkt. no. 157) |

**I.    SUMMARY**

The Court recently granted Plaintiff's motion for class certification. (Dkt. no. 155.) In response, Defendants ("SOC") seek a stay pending appeal. For the reasons set forth below, SOC's Motion to Stay Pending Appeal ("Motion") (dkt. no. 157) is granted.

**II.    BACKGROUND**

The relevant factual background is fully set out in the Court's Order entered on September 30, 2015 ("Order"). (Dkt. no. 155.) The Order granted partial summary judgement to Defendants and certified a class of plaintiffs. (*Id.*)

On October 13, 2015, SOC filed a petition with the Ninth Circuit Court of Appeals requesting permission to appeal this Court's class certification ruling pursuant to Fed. R. Civ. P. 23(f). (Dkt. no. 157-1). On October 16, 2015, SOC filed their Motion, which Plaintiff opposes. (Dkt. nos. 157, 159.)

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 23(f) permits a district court, in its discretion, to enter a stay of proceedings pending a petition for permission to appeal. Fed. R. Civ. P. 23(f). Judicial discretion in exercising a stay is to be guided by a four-factor analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The party requesting a stay bears the burden of showing that the stay is warranted. *Id*.

### B. Analysis

#### 1. Likelihood of success on the merits

To satisfy the first prong, an appellant seeking a stay pending appeal must show "that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). A movant need not, however, "demonstrate that it is more likely than not that [he or she] will win on the merits." *Id.* at 966. Instead, it is enough to show that serious legal questions are involved. *Id*. at 967-68. The Supreme Court has explained that "[m]ore than a mere 'possibility' of relief is required." *Nken*, 556 U.S. at 434 (internal quotation marks and citations omitted).

SOC's appeal focuses in large part on the question of how to handle issues of individual reliance in a class-wide fraud claim. (Dkt. no. 157 at 3.) Risinger argues that SOC has mischaracterized case law to create the appearance of an authority split. (Dkt. no. 159 at 9.) However, this Court in its Order acknowledged that SOC had correctly identified competing approaches to evaluating reliance in class actions based on fraud. (Dkt. no. 155 at 25.) The parties devoted a substantial portion of their briefing and oral argument to this issue, and the Court's own research confirmed that the relevant case law contains a great deal of nuance and even contradictions. Consequently, the Court

2

agrees that SOC has identified a serious legal question and has satisfied the likelihood of success on the merits prong.

### 2.     Irreparable harm to SOC

SOC argues that if this Court denies a stay, it will be harmed by the substantial costs of ongoing litigation that may be unnecessary. (Dkt. no 157 at 4.) Risinger responds that litigation expenses do not automatically qualify as harm and that SOC's self-described status as a two-billion dollar conglomerate means that incidental discovery costs could not possibly constitute irreparable harm. (Dkt. no. 159 at 7-8.)

Whether litigation expenses constitute irreparable harm is considered on a case by case basis. *See Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012). This case involves a class of upwards of 4,000 members. As other courts in this circuit have noted, classes of this size make the likelihood that a party will incur substantial — and potentially unnecessary — costs greater. *See Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012).

Similarly here, the costs of continued litigation will likely be high enough to constitute a serious irreparable harm to SOC. The Court therefore agrees that SOC has shown that it will suffer irreparable harm absent a stay.

### 3.     Injury to Other Parties

SOC argues that failing to grant a stay may result in confusion among class members. (Dkt. no. 157 at 4.) Risinger counters that the counter-veiling due process interests in promptly sending class notice trumps any confusion that may arise if the notices later need to be corrected. (Dkt. no 159 at 8.)

The Court agrees that granting a stay will prevent the possibility of confusion among class members. If class notice is disseminated, and the Ninth Circuit overturns or alters this Court's grant of class certification, class members will need to be re-contacted. This has the potential to cause delay, confusion, and difficulty for all parties,

including Risinger. Notably, this also has the potential to hinder Risinger's ability to obtain full relief for members of the class that he will represent. Any due process concerns resulting from an unexpected delay in the current appeal can be addressed by revisiting this Court's Order if warranted. The Court finds that the balance of harm tips in SOC's favor.

### 4.     Public Interest

A stay pending appeal will avoid unnecessary litigation and conserve judicial resources. It is therefore in the public interest. *See*, *e.g.*, *Pena*, 2015 WL 5103157, at *6. Risinger is right to point out that this case involves important issues of national significance and that plaintiffs as well as citizens at large are served by a trial. (Dkt. no. 159 at 10.) A temporary stay will help, not hinder, this process by making sure that any such trial is administered effectively.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is hereby ordered that Defendants' Motion to Stay Pending Appeal (dkt. no. 157) is granted. This case is temporarily stayed.

ENTERED THIS 24th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE