UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARL E. RISINGER, et al.,<br><br>        Plaintiffs,<br>v.<br>SOC LLC, et al.,<br><br>        Defendants. | Case No. 2:12-cv-00063-MMD-PAL<br><br>**ORDER**<br><br>(Jt. Mot. for Approval of Class Notice & Notice Plan – ECF No. 198) |

This matter is before the court on the parties Joint Motion for Approval of Class Notice and Notice (ECF No. 198) ("Joint Motion"). This Joint Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This case involves a class action dispute over the terms of employment for armed guards hired to work in Iraq. In September 2015, United States District Court Judge Miranda M. Du granted in part and denied granted in part Defendant's Motion for Summary Judgment, denied Plaintiff's Motion for Partial Summary Judgment is, and granted Plaintiff's Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] Order (ECF No. 155). The Ninth Circuit recently affirmed her decision. Sept. 1, 2017 Memorandum (ECF No. 165).

Judge Du set the case for trial in January 2018. Defendants filed a Motion to Continue the Trial, Joint Pretrial Order Deadline, and to Reopen Discovery (ECF No. 182). Judge Du granted the portion of the motion regarding the trial, vacating the upcoming trial date. *See* Minute Order (ECF No. 187). She then referred the portion of the motion seeking to extend the joint pretrial deadline, adopt proposed schedule, and reopen discovery is referred to me *Id*. A trial date will be reset after the discovery issues are addressed. *Id*.

---
[1] All references to a "Rule" or the "Rules" refer to the Federal Rules of Civil Procedure.

1

On December 21, 2017, the court held a hearing on the discovery and scheduling issues raised in defendants' motion (ECF No. 182). *See* Mins. of Proceedings (ECF No. 190). The court heard the parties' representations, shared its inclinations, and continued the proceedings to allow the parties to continue their discussions. *Id*. On December 29, 2017, the court held a second hearing during which it adopted the defendants' position regarding the two contested issues in the class notice. *See* Mins. of Proceedings (ECF No. 191). The court further ruled that notice be given by January 5, 2018 as requested by the parties, with a 60-day opt out period. *Id*. The court also addressed the remaining discovery issues and case management schedule. *Id*.

On January 5, 2018, the parties filed a Stipulation to Extend Deadline for Class Notice (ECF No. 192). The court granted this request. Order (ECF No. 197). The parties timely filed the Joint Motion asking the court to approve notice to the class in the form attached as exhibits to the motion.

## II. DISCUSSION

In class actions certified under Rule 23(b)(3), "the court shall direct to the members of the class the best notice practicable under the circumstances." The notice must clearly and concisely state the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Notice must be sent to "all members who can be identified through reasonable effort." *Id*.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." Under this standard, courts retain considerable discretion to tailor notice to the relevant circumstances: "The determination of what efforts to identify and notify are reasonable under the circumstances of the case rests in the discretion of the judge before whom the class action is pending." 3 Newberg on Class Actions § 8:2 (4th ed. 2007) (citation omitted). "When the names and addresses of most class members are known, notice by mail is usually preferred." *Id*.; *see also*

*Manual for Complex Litig.* § 21.311 (4th ed. 2004).

Here, the parties propose notice to putative class members by: (1) an official website containing long-form notice and other litigation documents;[2] (2) physical mail notice to mailing addresses of known potential class members; (3) email notice to e-mail addresses of known potential class members; (4) social media notice advertisements targeted to Facebook users with military and law enforcement "interests" on the Facebook social network; (5) short form notice as internet ads calculated to reach potential class members; and (6) a toll-free helpline available 24-hours a day, seven days a week to assist potential class members and allow them to leave a message to speak with a notice administrator. The court finds that the proposed notice clearly and concisely states the information required by Rule 23(c)(2)(B). The court finds that the parties have shown the methods proposed provide the best notice practicable under the circumstances of this case.

Accordingly,

**IT IS ORDERED:**

1. The parties' Joint Motion for Approval of Class Notice and Notice (ECF No. 198) is **GRANTED**.
2. The Notice shall be physically mailed to potential class members within two business days of the entry of this order, consistent with the parties' post-class certification scheduling order.
3. Potential class members shall have 60 days to opt out of the class.

Dated this 30th day of January, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] The website is www.SOCGuardsClassAction.com.

3