UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL E. RISINGER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>SOC LLC, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:12-cv-00063-MMD-PAL<br><br>ORDER |

**I.　SUMMARY**

This is a class action involving a dispute over the terms of employment for armed guards hired to work in Iraq. Before the Court are the following motions: (1) Defendants SOC LLC; SOC-SMG, Inc.; and Day & Zimmermann, Inc.'s (collectively, "Defendants") motion for reconsideration (ECF Nos. 319, 337 (motion for leave to file supplemental memorandum in support)) and (2) Defendants' contempt motion (ECF No. 320). The Court has reviewed the relevant responses (ECF Nos. 321, 322, 350) and replies (ECF Nos. 325, 326, 352) thereto. For the following reasons, the Court denies Defendants' motion for reconsideration and contempt motion.

**II.　BACKGROUND**

Plaintiff plans to introduce the results of a survey at trial through an expert witness—William Buckley—to prove the class's damages. (ECF No. 281 at 4.) The survey essentially asked respondents to estimate how often they worked more than six 12-hour days per week. (*See* ECF No. 268-7 at 7-8.) In an earlier motion, Defendants sought to exclude the survey results as unreliable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (ECF No. 268 at 2.) The Court found that the survey results were admissible but precluded Buckley from extrapolating the survey results (from 159 respondents) to the entire class (consisting of about 1000 individuals). (ECF No. 281 at

12.) The motions pending before the Court relate to the admissibility of these survey results.

### III. DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 319)

#### A. Legal Standard

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

#### B. Discussion

Defendants move for reconsideration—on the basis of newly discovered evidence—of the Court's order finding the survey results admissible. The newly discovered evidence consists of Facebook messages exchanged between Risinger and certain other class members in a group thread that purportedly demonstrate class counsel's substantive involvement in the survey's administration as well as bias in the results. (*See* ECF No. 319 at 6.) While Plaintiff contends that the Facebook messages do not support a different outcome, there is no serious dispute that the messages constitute newly discovered evidence. (*See* ECF No. 321 at 5-6.) Accordingly, the Court will consider the merits of Defendants' motion.

Defendants first argue that the Facebook messages show that class counsel—not Plaintiff's expert witness, William Buckley—conducted the survey, rendering the results biased and unreliable. (*See* ECF No. 319 at 15-19.) The Court previously rejected this argument because the evidence at the time showed that class counsel's involvement was "merely ministerial (e.g., mailing and collecting the surveys)." (ECF No. 281 at 9; *see also*

ECF No. 268 at 16-17 (portion of Defendants' earlier motion arguing that class counsel conducted the survey).) Defendants' newly discovered evidence does not persuade the Court otherwise.

Defendants rely on an exchange primarily between Risinger and another class member, Chris Hedberg. (ECF No. 319 at 16.) In those messages, Hedberg asked for clarification about the survey: "Hey Karl,[ ]just got this soc questionnaire from our lawyers. Are they counting from pickup time to drop off time as 'shift time'? From weapon pickup to drop off or what? Filling it out now and if it's pickup to drop off, it'll be 100%, 13-14 hours. Lol." (ECF No. 310-8 at 8.) Risinger confirmed Hedberg's assumption: "Yes, pickup to drop off." (*Id.*) Another class member—Matt Olson—also confirmed: "Yep 14 hours is about right. And then include training which easily extended. Also I remember Karl specifically having to come in on a 'day off' for training. As I'm sure many of us did." (*Id.*) Hedberg wondered if he was underestimating his survey responses: "Yup[.] I said between 30-40% of the time I worked 7 days a week, I was there for 15 months. I know for a fact I worked the first 5 weeks straight! Is that lowballing it Karl?" (*Id.*) Risinger opined: "Definitely lowballing. Considering the time sheets I turned in. We went 3-4 months straight without a day off and then sporadic week to week with a day off here and there." (*Id.*) Hebderg asked: "So more like 60-70%?" (*Id.* at 7-8.) Risinger responded: "Yeah, 2/3d." (*Id.* at 7.)

Even assuming that class counsel was feeding responses to Risinger behind-the-scenes,[1] the messages do not show that the survey was unreliable or biased. As the Court has previously explained: "Hedberg merely sought confirmation about his estimates. Neither Risinger nor Olson encouraged Hedberg to fabricate or inflate his responses.

///

---

[1]To the extent that Defendants suggest that class counsel was speaking through Risinger in the Facebook messages (*see* ECF No. 319 at 16 n.9), the evidence Defendants rely upon is ambiguous. While Plaintiff's counsel represented that Risinger was "parroting his counsel's directive" as to which hours of the working day survey respondents should include (ECF No. 312 at 1), it is not clear that Risinger took Hedberg's messages to class counsel and relayed class counsel's response. Rather, class counsel's assertion may have been more general—Risinger generally understood the intent of the survey questions based on independent communications with class counsel and simply conveyed his understanding to Hedberg.

3

1 Rather, Risinger reassured Hedberg that Hedberg's own estimates were accurate. Olson reminded Hebderg that he may have had training on a 'day off.'" (ECF No. 343 at 5.) To the extent that a factfinder might view Risinger and Olson's messages as coaching Hedberg, Defendants remain free to argue that point to the jury. The Facebook messages now before the Court do not demonstrate that the survey results are so tainted by class counsel's involvement that they are biased and unreliable.

Defendants' second argument relates to Risinger's distribution of the survey via the Facebook group thread. Risinger sent out the Word version of the questionnaire and said: "If you have not received this yet, please fill out and follow the instructions to return to our lawyers. Please pass it along to everyone you know that is not in this group. Thanks!" (ECF No. 310-8 at 7.) Defendants argue that the participants in the Facebook group thread are not representative of the typical class member because they worked at LBS—a particularly demanding site—and had expressed particular interest in the litigation by joining the Facebook group thread.[2] (ECF No. 319 at 17.) Thus, their responses to the survey skewed the results. (*Id.*) Defendants ignore, however, that Plaintiff intended to conduct a census of all class members—Plaintiff did not intend to draw a probability sample. (*See* ECF No. 279 at 8; ECF No. 321 at 11.) And Plaintiff will be unable to use the results as a probability sample at trial based on the Court's previous order. (ECF No. 281 at 12 (precluding Buckley from extrapolating the survey results to the entire class).) Concerns about lack of random sampling and self-selection bias are irrelevant in the context of a census. And while the survey is not a census of the whole class, it may be used as a census of the 159 individuals who responded. Accordingly, the Court rejects Defendants' second argument.

Defendants' third argument is based on different evidence—emails between class counsel and Buckley. (ECF No. 319 at 22-25.) But Plaintiff asserts that these emails do

///

---

[2] It is not clear to the Court whether these individuals affirmatively joined the Facebook group thread, or even whether there was an independent Facebook group or simply a group message.

4

1 not constitute "newly discovered evidence" because they were produced prior to
2 Defendants' initial motion. (ECF No. 321 at 10.) Defendants do not counter Plaintiff's
3 argument in their reply. (*See* ECF No. 326.) Given that the emails between class counsel
4 and Buckley apparently do not constitute newly discovered evidence, they cannot form
5 the basis of a motion for reconsideration, and the Court will not consider them.
6 Accordingly, the Court rejects Defendants' third argument.

Defendants further argue that the survey is inadmissible because Buckley did not pretest the questions. (ECF No. 319 at 26-27.) The Court already addressed this issue in a prior order and found little evidence of confusion that would suggest a need for pretesting. (ECF No. 281 at 11.) It seems that Defendants' additional evidence of confusion merely consists of Hedberg's questions in the Facebook group thread regarding the survey. (ECF No. 319 at 27.) Even considering this additional evidence, Defendants' cumulative evidence that the survey was confusing remains trivial. (*See* ECF No. 281 at 11 (discussing other evidence of confusion).) Accordingly, the Court rejects Defendants' argument.

After conducting depositions of eleven survey respondents, Defendants filed a motion for leave to file a supplemental memorandum in support of their motion for reconsideration. (ECF No. 337.) Plaintiff opposed the motion on the ground that the new evidence in the supplemental memorandum would be cumulative of what the Court has already considered. (ECF No. 350 at 3.) The Court will consider the information in the supplemental memorandum because it constitutes "newly discovered evidence," although none of it causes the Court to change course. Accordingly, the Court will grant Defendants' motion for leave to file a supplemental memorandum in support of their motion for reconsideration.

Defendants first assert that the survey respondents were confused by the questions and regularly provided inaccurate information. (ECF No. 337-1 at 4-7.) Plaintiff argues that the inaccuracies in the survey responses are "minimal and not material." (ECF No. 350 at 5.) The Court finds that the discrepancies between the respondents' answers and their

deposition testimony are relatively minor and do not render the survey results unreliable. Most importantly, the cumulative evidence supporting Defendants' position consists of a few discrepancies among 159 responses. (*See* ECF No. 319 at 27 (citing Hedberg's questions in the Facebook group thread); ECF No. 337-1 at 5-7 (citing six discrepancies between survey responses and deposition testimony); ECF No. 268 at 19 (noting that two respondents provided data outside the relevant time period, "several" respondents included data on their work experiences outside of Iraq, and one respondent provided data about his work in jobs other than "Guard").) Defendants have failed to identify any additional irregularities, thus reinforcing the view that the vast majority of the 159 responses were accurate. And even examining the discrepancies in detail reveals little of concern. For example, one respondent indicated in his survey that he worked seven days a week 99% of the time while testifying in his deposition that the percentage was greater than 85%. (ECF No. 337-1 at 5; ECF No. 350 at 5.) The Court agrees with Plaintiff that difference is probably not very significant (*see* ECF No. 350 at 5-6), particularly if overestimates and underestimates are averaged out among the respondents.

Defendants next argue that counsel for Plaintiff altered the content of survey responses to inflate damages. (ECF No. 337-1 at 3.) Defendants exaggerate the issue. Some respondents provided overlong answers that class counsel condensed, and others made obvious typos that class counsel attempted to correct (thrice erroneously). (*See* ECF No. 350 at 8; ECF No. 337-1 at 9.) These seem to be nothing more than good faith errors, and Defendants remain free to exploit those errors to cast doubt on the survey results at trial. Defendants still have not, however, shown grounds for excluding the survey results altogether.

Accordingly, Defendants' motion for reconsideration is denied.

**IV.     DEFENDANTS' CONTEMPT MOTION (ECF NO. 320)**

The Court certified a class consisting "of armed guards who worked for SOC in Iraq between 2006 and 2012." (ECF No. 254 at 7 (citing ECF No. 155 at 19, 27).) The Court later clarified that Reclassified Guards—individuals who held job titles other than "Guard"

during their employment with Defendants because Defendants changed their job title and/or salaries upon, or shortly after, their arrival in Iraq—were members of the class because they were, in effect, "armed guards who worked for SOC in Iraq between 2006 and 2012." (*See* ECF No. 281 at 2-4.) After the Court made this clarification, Plaintiff sought to reopen fact and expert discovery to, *inter alia*, conduct a survey of the Reclassified Guards. (ECF No. 301-3 at 9.) Magistrate Judge Leen denied Plaintiff's request, finding that Plaintiff failed to diligently pursue earlier opportunities to conduct discovery related to the Reclassified Guards. (ECF No. 301-3 at 12, 27.) Plaintiff objected to Judge Leen's order, and the Court overruled the objection. (ECF No. 308 at 4.)

Defendants move for sanctions because class counsel sent a survey to the Reclassified Guards anyway. (ECF No. 320 at 3.) Defendants' motion is premature because Plaintiff has not yet made any effort to introduce this evidence to the Court or to the jury at trial. While Plaintiff's conduct is puzzling given the Court's prior determination that it would not permit discovery related to the Reclassified Guards, there is no actual conflict before the Court at this time. The Court will deny Defendants' contempt motion without prejudice.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for leave to file a supplemental memorandum (ECF No. 337) in support of Defendants' motion for reconsideration is granted.

It is further ordered that Defendants' motion for reconsideration (ECF No. 319) is denied.

///

///

It is further ordered that Defendants' contempt motion (ECF No. 320) is denied without prejudice.

DATED THIS 9th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE