1  Scott E. Gizer, Esq., Nevada Bar No. 12216
     *sgizer@earlysullivan.com*
2  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
3  601 South Seventh Street, 2nd Floor
   Las Vegas, Nevada 89101
4  Telephone:  (702) 331-7593
   Facsimile:  (702) 331-1652
5
   Devin A. McRae, *Pro Hac Vice*
6  dmcrae@earlysullivan.com
   EARLY SULLIVAN WRIGHT
7    GIZER & McRAE LLP
   6420 Wilshire Boulevard, 17th Floor
8  Los Angeles, California 90048
   Telephone: (323) 301-4660
9  Facsimile: (323) 301-4676

10 Erik C. Alberts, *Pro Hac Vice*
   erik.alberts@ealawfirm.net
11 LAW OFFICES OF ERIK C. ALBERTS
   5900 Wilshire Boulevard, 26th Floor
12 Los Angeles, California 90036
   Telephone: (323) 330-0583
13 Facsimile: (323) 330-0584

14 Attorneys for Plaintiff
   KARL E. RISINGER, and those similarly situated
15
   Tara Lee, *Pro Hac Vice*
16 taralee@quinnemanuel.com
   Keith H. Forst, *Pro Hac Vice*
17 keithforst@quinnemanuel.com
   Meghan A. McCaffrey, *Pro Hac Vice*
18 meghanmccaffrey@quinnemanuel.com
   Derick K. Sohn, Jr., *Pro Hac Vice*
19 dericksohn@quinnemanuel.com
20 QUINN EMANUEL URQUHART & SULLIVAN, LLP
   1300 I Street, NW, Suite 900
21 Washington, DC 20005
22 Tel.:  (202) 538-8000
   Fax:  (202) 538-8100
23
   E. Leif Reid, SBN 5750
24 lreid@lrrc.com
   Kristen L. Martini, SBN 11272
25 kmartini@lrrc.com
26 LEWIS ROCA ROTHGERBER CHRISTlE LLP
   One East Liberty Street, Suite 300
27 Reno, NV  89501-2128
   Tel.:  (775) 823-2900
28 Fax:  (775) 839-2929



**JOINT STATUS REPORT**

199306.2

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KARL E. RISINGER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOC LLC, a Delaware limited liability company registered and doing business in Nevada as SOC NEVADA LLC; SOC-SMG, INC., a Nevada corporation; DAY & ZIMMERMAN, INC., a Maryland corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-00063-MMD-PAL<br><br>**JOINT STATUS REPORT** |

Defendants SOC LLC, SOC-SMG, INC and DAY & ZIMMERMANN, INC. and Plaintiff KARL E. RISINGER, by and through their attorneys of record, hereby submit the following Status Report following the Court's granting of Defendants' Motion for Decertification:

**REFERRAL TO MAGISTRATE FOR SETTLEMENT**

<u>Plaintiff's Position</u>: Plaintiff is amenable to engaging in a settlement conference before a magistrate judge and believes this should be done prior to setting any deadline for a joint pretrial order. Plaintiff would engage in these settlement discussions, not to resolve Mr. Risinger's individual claim, but to resolve class wide claims, proposed classes for settlement purposes or the claims of the survey respondents. In addition, Plaintiff intends to bring two motions: (1) a motion for relief under FRCP Rules 59 and 60 for reconsideration of the Court's order decertifying the class; and (2) a motion to certify a more limited class covering only certain bases where Plaintiff contends there is no dispute that Defendants' policy of understaffing was carried out. If these motions are not granted, Plaintiff intends to petition the Court to certify the decertification for appeal. If that petition is not granted, then plaintiff would file a petition before the 9th Circuit under FRCP 26(f) to grant review of the Court's decertification order. Accordingly, Plaintiff believes that setting a joint pretrial deadline would be premature at this time for all of these reasons.

It is ironic that Defendants' claim that they oppose any further delay of this matter when it was Defendants that appealed the original certification order (causing a delay of 3 years) and then withheld information about reclassified guards (resulting in further delay). The reality is that Plaintiff obtained class certification efficiently and judicially, while Defendants did everything they could to retry this matter post-certification. While Defendants ultimately succeeded in decertifying the class, Plaintiff should not be precluded from seeking to certify a more limited class as it did not have a prior opportunity to do so having its initial certification motion granted and affirmed on appeal. No further discovery is needed to bring such a motion as Plaintiff would be seeking to certify a class limited to certain bases where discovery has already been conducted. It would be a miscarriage of justify to deny Plaintiff this opportunity where there is no dispute

1  that numerous employees of Defendants were defrauded and impermissibly overworked based on
2  a policy that violated the Guard employment contracts, but also Defendants' contract with the
3  Department of Defense. No prejudice would befall Defendants' from having to respond to a new
4  motion for class certification except time, which, if a proper basis, then Defendants should not
5  have been able to bring its motion to decertify.

6  <u>Defendants' Position</u>: Referral to the magistrate for settlement of purported class claims
7  would be futile because there is no class with which Defendants could settle even if they were
8  inclined to do so (which they are not). Even a settling class must satisfy the Rule 23 requirements
9  that this Court has now held Plaintiff's failed class simply does not meet. *See Amchem Products,*
10 *Inc. v. Windsor*, 521 U.S. 591, 593 (1997). Any settlement discussions would therefore only
11 waste both parties' resources.[1]

12 The Court should therefore set a joint pretrial deadline and a date for trial on the only
13 claims remaining in this case: those asserted individually by Mr. Risinger. Defendants oppose
14 any effort to further delay resolution of this case only to permit Plaintiff's counsel to pursue a
15 pointless appeal or to raise meritless arguments that they could have, and should have, made long
16 ago. Appeal would be futile because this Court has broad discretion and made no error. As to
17 reconsideration, there is no new evidence or law to justify it. Further, Plaintiff should not be
18 permitted to even ***file*** a motion now to certify ***a different class*** from the one that the parties have
19 been litigating for nearly eight years. Defendants will undoubtedly be heavily prejudiced by
20 starting this case over as Plaintiff apparently intends; his effort to certify a different class now
21 would require amending the case schedule to permit amendments to the complaint and to reopen
22 class discovery. The case schedule's motions deadlines would also need to be amended because
23 any new certification motion is already over four years late. ECF No. 77, Scheduling Order, at 5
24 ("Last date to file a motion to certify a class: **November 8, 2014.**") (emphasis in original); *see*
25 *also* ECF No. 345, Pl.'s Mot. to Strike, at 4 ("Since the November 8, 2014 deadline … lapsed

---

[1]  Defendants would be willing to participate in a conference solely to discuss settling Mr. Risinger's individual claims. However, given Plaintiff is not open to an individual settlement, referral for that purpose would also be fruitless.



more than four years ago, Defendants' new Motion … should be stricken."). Further, even if there were no deadline, "Plaintiff[] must show some justification for filing a second [certification] motion, and not simply a desire to have a second or third run at the same issues." *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013). This, Plaintiff's counsel cannot do. At the absolute latest, the time for them to argue for a different class was in opposition to Defendants' motion to decertify, not in response to that motion being granted. Finally, Plaintiff's motion would be as meritless in substance as any reconsideration motion. Among other things, it is not true that Plaintiff's allegations regarding an understaffing policy are undisputed as to certain sites; Defendants strenuously dispute that there was any such policy at all, and even if there had been, this Court has already held it would not support certification across even a single location like LBS. If permitted, Plaintiff's motion would only waste the time and resources of this Court and the parties.

Dated: August 1, 2019        EARLY SULLIVAN WRIGHT
                               GIZER & McRAE LLP


                             By:  /s/ -- Scott E. Gizer
                                  Scott E. Gizer, Bar No. 12216
                                  Devin A. McRae, *Pro Hac Vice*

                                  6420 Wilshire Blvd., 17th Floor
                                  Los Angeles, CA 90048
                                  Telephone: (323) 301-4660
                                  Facsimile: (323) 301-4676
                                  Attorneys for Plaintiff KARL E. RISINGER, on
                                  behalf of himself and all others similarly situated

Dated: August 1, 2019        QUINN EMANUEL URQUHART & SULLIVAN
                             LLP

                             By: /s/--Tara Lee
                                  Tara Lee, *Pro Hac Vice*
                                  Keith H. Forst, *Pro Hac Vice*
                                  Meghan A. McCaffrey, *Pro Hac Vice*
                                  Derick K. Sohn, Jr., *Pro Hac Vice*

                                  1300 I Street, NW, Suite 900



199306.2

        Washington, DC 20005
        Tel.:  (202) 538-8000
        Fax:  (202) 538-8100
        taralee@quinnemanuel.com
        keithforst@quinnemanuel.com
        meghanmccaffrey@quinnemanuel.com
        dericksohn@quinnemanuel.com

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

        By: */s/--Leif Reid*_____
           E. Leif Reid, SBN 5750
           Kristen L. Martini, SBN 11272

        One East Liberty Street, Suite 300
        Reno, NV  89501-2128
        Tel.:  (775) 823-2900
        Fax:  (775) 839-2929
        lreid@lrrc.com
        kmartini@lrrc.com

        *Attorneys for Defendants*



## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the Electronic Service List for this Case.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

/s/ D'Metria Bolden

D'METRIA BOLDEN
An Employee of EARLY SULLIVAN
WRIGHT GIZER & McRAE LLP