UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KARL E. RISINGER,

Plaintiff,

v.

SOC LLC, *et al.*,

Defendants.

Case No. 2:12-cv-00063-MMD-PAL

ORDER

## I. SUMMARY

This is a former class action involving a dispute over the terms of employment for armed guards hired to work in Iraq. Before the Court is Plaintiff Karl E. Risinger's motion for reconsideration ("Motion") (ECF No. 370) of the Court's order decertifying the class (ECF No. 362), as well as Plaintiff's motion to seal exhibits attached to the Motion (ECF No. 371). The Court finds it unnecessary to consider additional briefing related to the Motion. For the following reasons, the Court denies Plaintiff's Motion. The Court agrees with Plaintiff that compelling reasons exist to seal the exhibits designated as confidential under the Protective Order and will grant the motion to seal.

## II. BACKGROUND

The Court certified a class in this case consisting "of armed guards who worked for SOC in Iraq between 2006 and 2012." (ECF No. 254 at 7 (citing ECF No. 155 at 19, 27).) The Court later clarified that certain guards known as Reclassified Guards were members of the class. (*See* ECF No. 281 at 2-4.) The Court then decertified the class after Defendants introduced evidence showing that some class members had no damages, and Plaintiff failed to offer any feasible method for identifying and removing those individuals from the class. (*See generally* ECF No. 362.) The Court's decision was predicated on the legal conclusion that damages and liability are intertwined in the context of Plaintiff's claims. (*Id.* at 6; *see also* ECF No. 155 at 6, 14 (listing damages as an element of Plaintiff's fraud claim as well as Plaintiff's breach of contract claim).) Given that legal context, the

Court found that individualized questions about liability predominated over common questions and that the class was unmanageable besides. (*See generally* ECF No. 362.)

## III. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## IV. DISCUSSION

The Court addresses Plaintiff's arguments related to predominance before addressing Plaintiff's arguments related to manageability and the creation of subclasses.

### A. Predominance

The Court found that individualized questions regarding liability predominated over common questions based on Defendants' undisputed evidence that some class members never worked more than the 6-day/12-hour work schedule in conjunction with Plaintiff's failure to offer a feasible way to isolate and extract those individuals from the class. (*See* ECF No. 362 at 7.)

Plaintiff first argues that the Court committed clear error by weighing the evidence. (ECF No. 370 at 12.) According to Plaintiff, the Court weighed the testimony of class members who did not work more than the 6-day/12-hour work schedule against the testimony of Defendants' 30(b)(6) designees and the declarations of 24 class members who did work more than the 6-day/12-hour work schedule. (*See id.* at 12-13.)

It was not necessary for the Court to weigh any evidence to conclude that individual questions of liability predominate over common questions in this case. It is undisputed that

some class members never worked more than the 6-day/12-hour work schedule and that others did so for a variety of reasons, including personal choice. (*See* ECF No. 362 at 6-12.) Plaintiff's purportedly common proof that class members worked more than the 6-day/12-hour work schedule (a uniform policy of understaffing) turned out not to be common at all. Defendants introduced evidence that class members at many sites never worked more than the 6-day/12-hour work schedule. (*See id.* at 6-8.) Plaintiff did not dispute the evidence, nor did Plaintiff's purported common proof rebut it. It was not necessary for the Court to evaluate credibility or consider the weight of competing evidence. Rather, it was clear and undisputed that some class members never worked more than the 6-day/12-hour work schedule. And Plaintiff failed to offer a feasible method for weeding those individuals out of the class. Plaintiff suggested that the Court hire a special master to conduct more than 1,000 individualized inquiries. The Court found that those individualized inquiries would predominate over any common questions. (ECF No. 362 at 9.)

Plaintiff next argues that the Court clearly erred by extrapolating to the entire class the testimony of four class members who did not work more than the 6-day/12-hour work schedule. (ECF No. 370 at 13-14.) The Court did not extrapolate their testimony to the entire class. Rather, the presence of some members in the class to whom Defendants have no liability—in conjunction with Plaintiff's failure to offer a way to identify them—demonstrates that individualized questions about liability predominate over common questions. Moreover, Plaintiff ignores the undisputed (and sweeping) testimony of certain class members that guards at entire sites never worked more than the 6-day/12-hour work schedule. (*See* ECF No. 362 at 8 n.6 (citing testimony that guards at Taji and Adder did not work more than the 6-day/12-hour work schedule).) The undisputed evidence showed that far more class members than the four Plaintiff identifies did not work more than the 6-day/12-hour schedule. No statistical extrapolation was necessary to see that.

Plaintiff further argues that the Court clearly erred in finding that the need for individualized damages calculations destroyed predominance. (ECF No. 370 at 16.) But

this argument mischaracterizes the Court's decision. The Court found that individualized questions about liability (not the amount of damages) predominated over common questions because some class members had no damages (an element of their breach of contract claims), and Plaintiff failed to offer a feasible way to identify those class members. The cases Plaintiff relies on only show that individualized determinations about the amount—not the existence—of damages are capable of class wide resolution. *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014); *In re Deepwater Horizon*, 739 F.3d 790, 815 (5th Cir. 2014) ("'[e]ven wide disparity among class members as to the *amount* of damages' does not preclude class certification") (alteration in original) (emphasis added) (quoting *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003)).

**B.     Manageability**

The Court found that the class was unmanageable because Plaintiff failed to offer any feasible way to determine liability or damages on a class-wide basis. (ECF No. 362 at 13-14.)

Plaintiff argues that the Court clearly erred in finding that Plaintiff failed to offer a way to determine liability on a class wide basis. (ECF No. 370 at 17-18.) Plaintiff relies on the following purported common proof: representative testimony from class members, bidding documents showing that Defendants bid to the man (resulting in insufficient rotational staff), uniform call scripts, standardized contracts, and destruction of records showing the daily manning reports (which allegedly would establish who did and did not work on a particular day). (*Id.* at 18.) Plaintiff also notes that "even a well-defined class may inevitably contain some individuals who have suffered no harm as a result of a defendant's unlawful conduct." (*Id.* (quoting *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016)).)

While the presence of some unharmed individuals in the class does not preclude certification, it is Plaintiff's failure to offer a feasible way to identify these individuals that makes the class unmanageable. The only solution Plaintiff offers is a series of over 1,000

4

mini-trials overseen by a special master. This "nightmare" scenario is not manageable. *In re: Autozone, Inc.*, No. 3:10-MD-02159-CRB, 2016 WL 4208200, at *19 (N.D. Cal. Aug. 10, 2016).

Plaintiff also argues that the Court clearly erred in finding that Plaintiff failed to offer a class wide method for calculating damages. (ECF No. 370 at 18-19.) Plaintiff contends that he did offer such a method: a formula that multiplies rate of pay by the number of hours worked above 72. (*Id.* at 19.) But the Court made clear in its order that it was not concerned about individualized findings regarding the *amount* of damages. Rather, the Court was concerned about mini-trials to determine whether some class members were owed any damages at all. And while Plaintiff contends that there would be one liability trial and 1,000 damages trials, the reality is that liability and damages go hand-in-hand in this case. Because some individuals have no damages and Defendants are not liable to those individuals, there can be no "single trial on liability." (ECF No. 370 at 20.)

**C.    Subclasses**

Plaintiff argues for the first time that the Court should have created subclasses for the VBC bases. (ECF No. 370 at 21.) But the Court already noted that Plaintiff failed to request the certification of a smaller class or subclasses in his opposition to the motion to decertify. (ECF No. 361 at 41.) A district court may decline to consider claims and issues that were not raised until a motion for reconsideration. *See Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir. 1992), *impliedly overruled on other grounds in Federman v. County of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003). It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *See Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985) (subsequent history omitted). The Court declines to consider Plaintiff's request when the issue of subclasses could have and should have been raised in connection with Defendants' motion to decertify, particularly given the extent of the issues litigated in this case as well as the resources expended by the parties and the Court in addressing issues relating to certification and decertification and the need for this case to be timely resolved

on the merits. Under the circumstances here, it would be unfair to allow Plaintiff a do-over via reconsideration.

Accordingly, the Court will deny Plaintiff's motion for reconsideration.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 370) is denied.

It is further ordered that Plaintiff's motion to seal (ECF No. 371) is granted.

DATED THIS 30th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE